HAZEL KIRK CARLISLE, PETITIONER, *v*. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9528.   Promulgated March 20, 1947.

*Charles O. DeWoody, Esq.*, for the petitioner.
*Howard M. Kohn, Esq.*, for the respondent.

**OPINION.**

HARLAN, *Judge*: At the hearing the petitioner conceded that the deduction of $3,564.59 for attorney fees taken on the fiduciary return constituted an improper deduction and that the correct net income of the estate for the year 1942 was, therefore, $24,709.74. On brief she contends that the capital gain of $43,006.08, of which 50 per cent, or $21,503.04, was taxable to the estate as a capital net gain, is not taxable to her because it constitutes an increase in the corpus of the estate distributable or distributed as corpus which was not deducted or deductible by the estate under the provisions of section 162 (b) or (c) of the Internal Revenue Code, and because it was an inheritance specifically excluded from taxation by section 22 (b) (3) of the code. She also contends that the amount by which the respondent increased the taxable income of the estate for 1942 by reason of the disallowance of the attorney fees, which she determined to be $3,206.70, is not

taxable to her because the estate did not deduct such amount and because the distributions represented only the corpus or residue of the estate specifically excluded from taxation as an inheritance by section 22 (b) (3) of the code.

An examination of petitioner's contentions indicates that she has erroneously construed the respondent's determination. Apparently, she is laboring under the misapprehension that the deficiency here in controversy is due to the respondent's inclusion in her income of capital gain in the amount of $21,503.04, plus an amount occasioned by the disallowance of the attorney fees which she arrived at by subtracting from $24,709.74 the capital gain of $21,503.04. The respondent's determination, as shown in our findings, is that the entire net income for 1942 reported in the fiduciary return, $21,145.15, plus the $3,564.59 which was improperly deducted by the estate for attorney fees, or $24,709.74, is includible in her income and taxable to her. The issue is, therefore, whether the respondent properly included the entire corrected net income of the estate in petitioner's return for 1942.

In the Revenue Act of 1942, section 111, Congress amended the provisions of section 162 of the code by adding a new sentence to subsection (b) and also by adding a new subsection, (d). Prior to these amendments it was held that where the residue of an estate, including income of the estate for the taxable year, was distributed to a residuary legatee upon final settlement of the estate, the will or the state law not providing for current distribution of the estate income to the legatee, such income was not taxable to the legatee under section 162 (c) of the code and corresponding provisions of prior revenue laws. *S. F. Durkheimer*, 41 B. T. A. 585; *Mabel J. Wilcox*, 43 B. T. A. 931; *Whitaker* v. *United States*, 44 Fed. Supp. 484; *Frazer* v. *Driscoll*, 46 Fed. Supp. 838; *Norris* v. *Glenn*, 48 Fed. Supp. 673; *Anderson's Estate* v. *Commissioner*, 126 Fed. (2d) 46; certiorari denied, 317 U. S. 653. These decisions were based on the theory that the residue was determined upon the completion of the administration of the estate and that the income earned during the period of administration became principal in the residue, and that, therefore, both the principal and income were received by the legatee as a legacy, exempt under section 22 (b) (3) of the code and corresponding provisions of prior revenue laws. It was also held that such distributions to a residuary legatee did not fall within the provisions of section 162 (b) relating to income "to be distributed currently by the fiduciary to the beneficiaries" unless distributions of income were directed by the will or deed. *Commissioner* v. *Stearns*, 65 Fed. (2d) 371; certiorari denied, 290 U. S. 670.

In another group of cases decided prior to the 1942 amendments to section 162 of the code, involving trust income required to be accumu-

lated by the trustee until the beneficiary reached a specified age, which occurred during the taxable year, it was held that that portion of the accumulated income for the period from the beginning of the taxable year to the date when the beneficiary reached the specified age was taxable to the trustee and not to the beneficiary. *Roebling* v. *Commissioner*, 78 Fed. (2d) 444; *Spreckels* v. *Commissioner*, 101 Fed. (2d) 721; *Commissioner* v. *Clark*, 134 Fed. (2d) 159.

Section 162 (b), as amended by section 111 (b) of the Revenue Act of 1942, provides as follows:

> There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the legatees, heirs, or beneficiaries, but the amount so allowed as a deduction should be included in computing the net income of the legatees, heirs, or beneficiaries whether distributed to them or not. *As used in this subsection, "income which is to be distributed currently" includes income for the taxable year of the estate or trust which, within the taxable year, becomes payable to the legatee, heir, or beneficiary.* Any amount allowed as a deduction under this paragraph shall not be allowed as a deduction under subsection (c) of this section in the same or any succeeding year.

The underscored portion of section 162 (b) was added by section 111 (b) of the Revenue Act of 1942, and, as provided in section 111 (e) of the same act, is applicable to taxable years beginning after December 31, 1941.

Senate Finance Committee Report No. 1631, 77th Cong., 2d sess., contains the following explanation of the purpose of this amendment to section 162 (b):

> Your committee bill adds an amendment to section 162 (b) of the Code designed to include in the income of a legatee or beneficiary the income of the estate or trust for its taxable year which, within such taxable year, becomes payable to the legatee or beneficiary, *even though it then becomes payable as part of an accumulation of income* held until the happening of some event which occurs within the taxable year. Such cases are usually cases where *accumulated income of an estate is paid to a residuary legatee upon termination of the estate* or where income of a trust is accumulated for distribution upon the beneficiary's reaching a specified age.
>
> The question of whether the income of an estate or trust for the taxable year in which it becomes payable as part of an accumulation is taxable on the one hand to the estate or trust or on the other hand to the legatee or beneficiary has been a source of litigation in certain cases under existing law. This amendment is designed to clarify the law. * * *. [Emphasis supplied.]

The respondent relies upon the amendment to section 162 (b) in support of his determination that the entire statutory net income of the estate for the year 1942 is taxable to the petitioner. On brief he states that "it is apparent, particularly in view of the express reference in Senate Report 1631, *supra*, to distributions such as were made to this petitioner, that Congress intended section 162 (b), as amended,

to be applied in this situation without regard to state law. Congress clearly intended to change the rule laid down in the *Durkheimer* case, *supra*, and in similar cases, so that the amount paid to the residuary legatee upon termination of the estate would be taxable to the legatee to the extent that the estate had income for that year, irrespective of the fact that under the law of a particular state such income might be considered an addition of principal to the residue." The respondent then adds that the same result must obtain where under state law such income is considered an addition of principal to the residue by virtue of being capital gain and, therefore, an increment to the corpus immediately upon its realization. See *Burchenal* v. *Commissioner*, 150 Fed. (2d) 482.

We agree with the respondent. "The aim of the statute dealing with the income of estates and trusts is to tax such income either in the hands of the fiduciary or the beneficiary." *Central Hanover Bank & Trust Co., Executor*, 34 B. T. A. 741, 743. Section 111 of the Revenue Act of 1942 contains amendments and additions to sections 22 (b) (3) and 162 of the Internal Revenue Code pertaining to income of estates and trusts. We are convinced that the respondent correctly stated in G. C. M. 24702, 1945 C. B. p. 241, that the basic principle underlying these amendments and additions "is to impose the tax, with stated limitations, upon the person who enjoys the income * * * and still preserve the nontaxability of pecuniary legatees with respect to estate income used to discharge lump-sum bequests." The amendment to section 162 (b) and the portion of Senate Finance Committee Report No. 1631 quoted above clearly indicate that it was the intention of Congress to include the income of an estate or trust which, within the taxable year, becomes payable to a legatee, heir, or beneficiary in the category of "income which is to be distributed currently" by the fiduciary, and to have the tax on such income paid by the legatee, heir, or beneficiary and not by the fiduciary. Congress left no doubt that income of an estate paid to a residuary legatee upon termination of an estate was intended to be covered by the amendment, when it specifically referred to such income in the committee report. Moreover, we think the fact that Congress made the income of the estate for the taxable year in which the estate was terminated the measure of the amount to be included in computing the net income of the residuary legatee justifies the inference that Congress intended to change the rule laid down in the *Durkheimer* and similar cases, so that the amount paid to the residuary legatee would be taxable to the legatee to the extent that the estate had income for the taxable year in which the residue became payable, irrespective of the fact that under the law of some states, including Ohio, such income would be considered an addition of principal to the residue.

Our best judgment is that the respondent correctly applied the provisions of section 162 (b), as amended, and we hold 'that the income of the estate of Tyler W. Carlisle in the amount of $24,709.74 for the year 1942, which became payable and was paid to petitioner when administration of the estate was terminated in December of that year, was income currently distributable to petitioner and taxable to her under the provisions of section 162 (b), as amended.

Reviewed by the Court.

*Decision will be entered for the respondent.*