RUTH B. KAISER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 25708. Promulgated July 29, 1952.

814

OPINION.

TURNER, *Judge:* It is the contention of the petitioner that the above payments received by her during the taxable years were not income within the meaning of section 22 (a) of the Internal Revenue Code, "either because they are a return of capital or gift, or because they are exempt under Section 22 (b) (3) I. R. C."[1]

As we read the petitioner's brief, the argument as to exemption under section 22 (b) (3) is that the money payments received in the taxable years were "not the fruits of a legacy," but "the legacy itself," and were therefore property acquired by bequest and exempt under the statutory provision referred to. The simple answer is that the statute is to the contrary. While it is provided that the value of property acquired by bequest is to be excluded from gross income, it is further provided that the income from property devised is not to be excluded. And where the bequest itself "is of income from property," such income is likewise not to be excluded from gross income. It is also provided that if the bequest by its terms is to be paid or credited at intervals, then, to the extent that it is paid or credited out of income from property, "it shall be considered a * * * bequest * * * of income from property" which as already noted, "shall not be excluded from gross income."[2] We accordingly conclude, and hold, that the claim of exemption under section 22 (b) (3) is not well taken, and is denied. *Alice M. Townsend,* 12 T. C. 692; see also *Helvering* v. *Butterworth,* 290 U. S. 365; and *Irwin* v. *Gavit,* 268 U. S. 161.

The other argument appears to be that whatever the nature of the bequest, its character was changed by reason of the agreement reached

---

[1] SEC. 22. GROSS INCOME.

* * * * * * *

(b) EXCLUSIONS FROM GROSS INCOME.—The following items shall not be included in gross income and shall be exempt from taxation under this chapter:

* * * * * *

(3) GIFTS, BEQUESTS, DEVISES, AND INHERITANCES.—The value of property acquired by gift, bequest, devise, or inheritance. There shall not be excluded from gross income under this paragraph, the income from such property, or, in case the gift, bequest, devise, or inheritance is of income from property, the amount of such income. For the purposes of this paragraph, if, under the terms of the gift, bequest, devise, or inheritance, payment, crediting, or distribution thereof is to be made at intervals, to the extent that it is paid or credited or to be distributed out of income from property, it shall be considered a gift, bequest, devise, or inheritance of income from property;

[2] While the decision in *Carlisle* v. *Commissioner,* 165 F. 2d 645, affirming 8 T. C. 563, does not support the disposition of the instant case contended for by the petitioner, and petitioner makes no claim that it does, the opinion is cited by her because of language appearing at page 646 which seemingly supports her contention. From a reading of the opinion it is apparent that the court there, in referring to bequests to be paid or credited at intervals, misread the statute in that it did not note that under the sentence in question a bequest paid or credited at intervals "shall be considered a * * * bequest * * * of income from property" to the extent that it is paid or credited out of income from property, and under the preceding sentence income from property "shall not be excluded from gross income," and is not exempt as the court suggested.

between the petitioner, the Nat Kaiser Investment Company and others who were likewise beneficiaries under the will of Nat Kaiser, and that the payments thereafter received by petitioner were not distributions of income but in the nature of realization of capital. This contention is, in our opinion, without merit. The estate of Nat Kaiser had been fully administered and the assets distributed according to the terms of Kaiser's will. The petitioner had become the life beneficiary of a trust the corpus of which consisted of 596 shares of the capital stock of the Nat Kaiser Investment Company. Her complaint in the state court, apparently a just one, was that the other beneficiaries of the Nat Kaiser estate, through their control of the Nat Kaiser Investment Company, were wrongfully diverting the earnings and profits of the company to themselves, to the end that the trust in which she was a life beneficiary was not receiving the income which was its due and, as a result, she individually was being deprived of such income. She accordingly instituted the suit in question, which, among other things, called for an accounting by the corporation and asked that the court enter such orders as would cure the situation which existed. The settlement was the result. The trust which held the shares was not a party to the suit, nor to the agreement. At no time was any action taken or any orders entered by the court bringing an end to the trust or otherwise changing the status of Ruth B. Kaiser as a life beneficiary thereof. The suits filed and the agreement reached did, however, again start the flow of income from the corporation to the trust. The fact that the agreement reached had to do with the distributions and payments made for the benefit of Ruth B. Kaiser, life beneficiary of the 596 shares of the stock held by the trust, and did not relate to the holders of the other outstanding shares of the stock in the corporation, does not establish the status of the payments as having any character other than dividends. That such was the situation, is borne out by the proceeding thereafter instituted by The First National Bank of Atlanta, as trustee, and the order entered. By its order, the court authorized the bank, as trustee, "to continue to retain by way of investment the 596 shares of the stock of the Nat Kaiser Investment Company" and found that the sums paid and to be paid under the terms of the agreement of settlement to Ruth B. Kaiser represented net income of the trust estate and directed that it be so treated by the trustee. We find no basis for any conclusion that the payments made were, in nature and character, payments of capital. *Lyeth* v. *Hoey*, 305 U. S. 188, and the cases decided thereunder, relied on by the petitioner, are wholly different and are not this case. The petitioner's claim is denied.

*Decision will be entered for the respondent.*