In the Matter of the Judicial Settlement of the Intermediate Account of Proceedings of BANKERS TRUST COMPANY and Another, as Executors, etc., of WILLIAM G. CHAVE, Deceased.

BANKERS TRUST COMPANY and Another, as Executors, etc., of WILLIAM G. CHAVE, Deceased, Appellants; HENRY G. SCHACKNO, Guardian ad Litem of WILLIAM CHAVE McCRACKEN and Another, Infants under the Age of Fourteen Years, Respondent.

First Department, January 10, 1930.

*Joseph Rowan,* for the appellants.

No appearance for the respondent.

MERRELL, J. The only part of the decree to which the appeal relates is as to the expenses of administration, including the expense of settling the estate and transfer taxes, and as to whether such expenses and taxes should be paid from income.

William G. Chave, the testator, died a resident of the city of New York on December 4, 1927, leaving a last will and testament consisting of the original will and a codicil thereto. These instruments were admitted to probate in the New York County Surrogate's Court on December 30, 1927, and letters testamentary thereon duly issued on said date to the petitioners, appellants. By the 8th, 9th and 12th paragraphs of the will of the testator three separate trusts are set up. The first of these trusts was for $10,000 for the benefit of one Jane E. Wilson. The second was a trust, also for $10,000, for the benefit of one Daisy F. Rockwell. By the 12th paragraph of the will the testator left all the rest, residue and remainder of his property to his executors in trust for the benefit of Mildred Chave McCracken, a daughter of the testator. It was provided in said will in relation to each of the first two trusts that the executors should collect and receive the profits accruing upon said trust " and after paying therefrom the proper expenses of the administration of said trust, and all taxes properly payable upon or in respect of said trust fund or the income thereof, to pay over the balance of such income in equal semi-annual payments to " each of the said beneficiaries. As to the trust provided

in the 12th paragraph of the testator's will, whereby the testator left the residue of his estate in trust for the benefit of his daughter Mildred Chave McCracken, a like provision was incorporated to the effect that they should collect and receive the rents, income and profits accruing from such investment, " and after paying therefrom the proper expenses of the administration of said trust, and all taxes properly payable upon or in respect of said trust fund, or the income thereof, to pay the balance of such income to my daughter, Mildred Chave McCracken, during the term of her natural life, in equal quarterly payments." The codicil admitted to probate as a part of the will of the testator, in its 2d paragraph, set up a trust of $25,000 for the benefit of William Chave McCracken, a grandson of the testator, during the term of his natural life, and in the 3d paragraph of said codicil the testator set up a trust of $10,000 for the benefit of Louise D. Burlock, a friend of the testator. In each of said trust provisions contained in said codicil the testator provided that the executors and trustees should receive the profits accruing from the investment of said trust fund, " and after paying therefrom the proper expenses of the administration of said trust, and all taxes properly payable upon or in respect of said trust fund or the income thereof, to pay over the balance of such income in equal semi-annual payments to " each of the beneficiaries named in said trusts. Upon the intermediate accounting the petitioners, appellants, requested that the court determine three questions in relation to the five trusts thus set up in the will of the testator:

" *1st.* Did the testator intend that the commissions of the executors should be paid out of the income of the estate and if such was his intention, would it be legal so to do? "

" *2nd.* Did the testator intend that the expenses of the settlement of the estate and/or other items of expense should be paid out of the income of the estate and if such was his intention, would it be legal so to do?

" *3rd.* Did the testator intend that the transfer tax due the State of New York and/or other transfer, inheritance, estate and income taxes, if any, should be chargeable against or paid out of the income of the estate and if such was his intention, would it be legal so to do?

The surrogate answered the request of the petitioners as follows:

"1. That the expenses of administration (which includes commissions of executors and trustees) should be paid out of income;

" 2. That the expenses of the settlement of the estate should be paid out of income;

" 3. That transfer taxes should be paid out of income."

We think the court was clearly in error in holding that the general expenses of administration, the commissions of the executors, the expenses of settling the estate, and the transfer taxes were payable out of income. In each of the trusts set up in the testator's will the testator provided: " * * * and after paying therefrom * * * all taxes properly payable upon or in respect of said trust fund or the income thereof, to pay over the balance."

It is quite evident that the testator thereby intended to limit the extent of his benefactions, and that neither the principal of the trusts nor the income derived therefrom should be increased in any way by any other provision from the assets of his estate. Evidently it was his intention to protect the principal of the trusts when he provided in his will that all taxes properly payable on or in respect of said trust funds or the income thereof should be paid out of income. It was, however, not within the power of the testator to provide that transfer taxes should be paid from income of the trusts. The trust funds in question could only be set up after the death of the testator. Prior to the setting up of such trusts no income could be received therefrom, and, therefore, it would seem that the direction to pay transfer taxes out of income derived from the trust funds must necessarily postpone the payment of transfer taxes until sufficient income might be derived from the trust funds to pay the same. Under the laws of the State of New York transfer taxes are reckoned from the death of the testator, and no testamentary power exists for postponing the payment of such taxes. Unless paid within a given period a penalty is imposed for non-payment. The tax is not upon the property of the testator, but is upon the transfer of his property, and becomes immediately payable under the provisions of section 220 of the Tax Law, as amended. The tax is a lien upon the property transferred by the testator until paid. That it is the legal duty of executors to pay transfer taxes out of the principal of an estate was clearly held in the case of *Keith* v. *Johnson* (271 U. S. 4). The United States Supreme Court said in this connection: " The transfer tax law imposes a tax ' upon the transfer of property ' from the deceased (§ 220) at rates graduated, according to the amount transferred to each beneficiary and the relationship, or absence of any, between the deceased and beneficiaries. §§ 221, 221(a). Until paid the tax is a lien upon the property of the deceased. The person to whom the property is transferred is made personally liable for the tax. The personal representatives of the deceased are personally liable for the tax until its payment; they are authorized to sell the property of the estate to obtain money to pay the tax in the same manner as they may to pay debts of the

deceased. § 224. They are not entitled to discharge until the tax is paid. § 236. The law plainly makes it their duty to pay the tax out of the estate. The property remaining passes to the beneficiaries."

The Court of Appeals of this State, in *Matter of Penfold* (216 N. Y. 163, 167), wrote as follows: " The transfer tax is not a tax upon property, but upon the right of succession to property. (*Matter of Gihon*, 169 N. Y. 443; *Matter of Dows*, 167 N. Y. 227, 231.) It is upon the right to receive an estate or a portion thereof. The tax (so called) is the toll or impost appropriated to itself by the State for or in connection with the right of succession to property. It accrues, therefore, at the same time that the estate vests, that is upon the death of the decedent. The nature of the tax and the time of its accrual has been repeatedly stated by this court. In *Matter of Swift* (137 N. Y. 77, 83) the court say: ' The question is whether the Legislature of the State, in creating this system of taxation of inheritances, or testamentary gifts, has not fixed as the standard of right the property passing by will, or by the intestate laws. What has the State done, in effect, by the enactment of this tax law? It reaches out and appropriates for its use a portion of the property at the moment of its owner's decease; allowing only the balance to pass in the way directed by testator, or permitted by its intestate law."

Thus, under these decisions, a direction to pay a transfer tax out of income derivable from trusts set up after the death of testator would be illegal. The very 1st paragraph of the will of the testator provided: " I direct that all my just debts, funeral and testamentary expenses be duly paid as soon as convenient after my decease." This provision certainly applies to all expenses of administration of the estate and by such provision the testator clearly did not intend that the payment of the expenses of administration of his estate should be postponed until sufficient funds had been accumulated from the income of the trusts set up in the will. Section 222 of the Surrogate's Court Act provides for the payment of expenses incurred by personal representatives as follows: " An executor, administrator, guardian or testamentary trustee may pay from the funds or estate in his hands, from time to time, as shall be necessary, his legal and proper expenses of administration necessarily incurred by him, including the reasonable expense of obtaining and continuing his bond and the reasonable counsel fees necessarily incurred in the administration of the estate. Such expenses and disbursements shall be set forth in his account when filed, and settled by the surrogate."

The testator in this case, whether he so desired or intended,

was powerless to nullify the plain provisions of the statute, that his personal representatives might, from funds of the estate in their hands, from time to time, as necessary, discharge the proper expenses of administration of the estate. Of course, after such trusts are set up and income is derived therefrom, the executors, as trustees of the several trusts, are entitled to deduct from the income their commissions in relation thereto. These deductions and whatever expenses may have been incurred covering the period for which the semi-annual or quarterly rests are made may be deducted from the income due to each beneficiary and such beneficiary will receive only the net amount of said income his due after deducting the commissions of the trustee and the expenses covering the period to which such distribution applies.

The will contains no direction that the commissions of the executors and trustees shall be paid out of income. The general expenses of administration, including the settlement of the estate and the commissions of the executors and trustees for receiving and paying out the principal of said estate should be payable from the said principal; the transfer tax due the State of New York and all inheritance or estate taxes were chargeable against and should be paid out of the principal of the estate. After the several trusts are set up and income therefrom is distributab e to the several beneficiaries, the executors, as trustees of said several trusts, are entitled to deduct from such income their commissions thereon and the necessary expenses incident to the administration of the several trust estates upon the periodical rests provided by the trust provisions of said will, paying to the various beneficiaries the net income derived from said trusts, after deducting said commissions due the trustees and expenses for the period covered by such distribution.

The decree of the surrogate should be reversed, with costs to the appellants payable out of the estate, and a decree entered in accordance with the views hereinbefore expressed.

Dowling, P. J., Finch, McAvoy and Proskauer, JJ., concur

Decree reversed, with costs to the appellants payable out of the estate, and the proceeding remitted to the Surrogate's Court for further action in accordance with opinion.