In the Matter of the Application of MODESTO BERARDINI, Appellant, as One of the Executors and Trustees under the Will of MICHAEL BERARDINI, Deceased, and as a Person Beneficially Interested in the Execution of the Trust under the Will of MICHAEL BERARDINI, Deceased, to Remove PHILIP BERARDINI, MICHAEL BERARDINI, JR., and JOHN J. PULLEYN, Respondents, as Executors and Trustees under the Said Will and to Revoke the Letters Testamentary as Executors and Trustees Issued to Them.— Decree of the Surrogate's Court of the county of Richmond modified by striking therefrom the provision imposing the costs and disbursements of the proceeding upon Modesto Berardini personally, and inserting in the place thereof a provision that the costs and disbursements shall be paid from the estate, and as thus modified the decree is unanimously affirmed, with costs, payable out of the estate, to the appellant. This appeal is academic so far as the removal of the respondents is concerned. Therefore, that phase of the appeal is not passed upon. We have examined, however, into the merits for the purpose of ascertaining whether or not the facts as they appear justified the appellant in instituing and prosecuting the proceeding. We have concluded that they did so justify him, and, therefore, it was improper to charge him with the costs thereof. There was and could be no basis for a finding of estoppel under the circumstances herein. The thirteenth paragraph of respondents' findings is reversed. Present — Lazansky, P. J., Young, Kapper, Carswell and Tompkins, JJ.

In the Matter of the Petition of the COUNTY OF SUFFOLK for the Purpose of Acquiring the Lands in the TOWN OF ISLIP, SUFFOLK COUNTY, NEW YORK, Required or Necessary for or Incidental to the Construction of the Captree State Causeway or Incidental to the Separation of Grades at the Intersection of Said State Causeway and County, Town or Village Roads, Highways or Streets. HERBERT J., YATES, Appellant; COUNTY OF SUFFOLK and Others, Respondents.— Order in so far as it sets aside an award made to appellant by the commissioners of estimate reversed on the law and the facts, with costs, and the award to the appellant confirmed, with taxable costs and disbursements and an additional allowance of $2,000. Upon the testimony of the witnesses for the county and the appellant as to the value of the appellant's lands and building taken in this proceeding and his consequential damages, it cannot be said that the award of the commissioners of estimate is grossly excessive. No erroneous theory was adopted by the commissioners and no prejudicial error committed. In all other respects the order in so far as appealed from is unanimously affirmed, without costs. Young, Kapper, Carswell and Tompkins, JJ., concur; Lazansky, P. J., not voting.

In the Matter of the Estate of MARY DEFENDORF, Deceased, for the Payment of the Fee of WILLIAM J. LAMEY. PAUL F. REILLY, Coexecutor, etc., of MARY DEFENDORF, Deceased, and WILLIAM J. LAMEY, Appellants; BEATRICE R. PASCUAL, Coexecutor, etc., of MARY DEFENDORF, Deceased, Respondent.— Order of the Surrogate's Court of Rockland county denying application for payment of balance of counsel fee reversed upon the law and the facts, with ten dollars costs and disbursements, and application granted, with ten dollars costs, all costs and disbursements to be paid out of the estate. In our opinion, the provisions of the first paragraph of the decedent's will are controlling and the testatrix was without power to postpone the payment of the expenses of administration until after the sale of the Nyack property. (Matter of Chave, 227 App. Div. 554.) Young, Kapper, Carswell and Tompkins, JJ., concur; Lazansky, P. J., concurs in result.