## FREDERICH et al. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 11079.

Circuit Court of Appeals, Fifth Circuit.

Nov. 18, 1944.

A. W. Brubaker, of Tampa, Fla., for petitioners.

I. Henry Kutz, J. Louis Monarch, and Sewall Key, Sp. Assts. to the Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and Charles E. Lowery, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before HUTCHESON, HOLMES, and WALLER, Circuit Judges.

WALLER, Circuit Judge.

Upon the death of Herman Frederich in 1934, his brother, Walter, the surviving partner, continued, without any authority from the Court, to carry on the business of Frederich's Market, with Herman's estate as a partner, until December, 1938, when the surviving partner was appointed administrator and authorized by the Court to carry on the business as a partnership. Throughout the three tax years of 1937, 1938, and 1939, and even as late as 1943, the estate was still being continued as a partner in the business, with the approval of the County Judge's Court and by its order. Between the date of the death of Herman and the appointment of the administrator the surviving partner had increased the value of the estate's share in the enterprise from something like $20,000 to $134,000, meanwhile paying all creditors of the decedent and of the original partnership. The heirs wished such partnership to continue until such time as the business could be liquidated through an advantageous sale. None wished the contrary, and the Court, with what later proved to be excellent judgment, granted their request.

In Florida the County Judge's Court has jurisdiction over the administration of estates of decedents. A reasonable time is allowed by statute within which a surviving partner must wind up the partnership. Section 733.08 (1), Fla.Stat.1941, F.S.A. In the event any person interested in the estate objects to a continuation of the estate in the partnership "the county judge shall make such order thereon as he may deem for the best interest of said estate." Section 733.08 (5), Fla.Stat.1941, F.S.A. The best interest of the estate is uppermost.

The creditors having been paid, the heirs having agreed that the business should be carried on until it could be liquidated by an advantageous sale—one of the two heirs had objected to a distribution of the assets of the estate in kind—and the assets of the estate having spectacularly increased each year, the County Judge by an order dated February 10, 1942, and by another dated September 23, 1942, approved all previous acts in the handling of the estate by the administrator and directed him to continue the interest of the estate in the business of the partnership. The judgment of the Tax Court in the instant case was entered on December 27, 1943, or subsequently to said orders of the County Judge.

During the tax years in question the estate had made returns of its profits from the partnership and had paid the taxes on the undistributed portion thereof, but the Commissioner insists, and the Tax Court held, that the profits of the estate during the

tax years were income of the heirs and all such income should have been returned, and the taxes paid, by the heirs rather than by the estate, because, the Commissioner insists, the period for performance of the ordinary duties pertaining to the administration of the estate did not extend into the taxable years 1937, 1938, and 1939, but that the estate could have been and should have been settled prior to 1937. In fact, the Commissioner insists that the assets of the decedent had been collected and his debts fully paid prior to 1937, and that nothing substantial thereafter remained to be done but to make a distribution of the assets of the estate, which could have been accomplished by a mere bookkeeping entry.

The applicable statute is Sec. 161 (a) (3) of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev.Code § 161(a) (3).[1] The departmental regulation under such statute is Reg. 94, Art. 162-1.[2]

■ Sec. 161(a) (3) provides for the taxation of the income received by an estate during the period of administration or settlement of the estate. It does not provide that the income shall be taxed to the estate during the period reasonably necessary to administer or settle the estate. Congress doubtless realized that there would be endless confusion if the Commissioner of Internal Revenue, having the power to determine the time reasonably necessary to administer or settle an estate, should fix one period as reasonably necessary, while under the Law of Florida the County Judge, having not only such power but also the duty to determine that question, should fix a different period. It will not be assumed that Congress intended to interfere with the jurisdiction and power of local courts in the administration of estates by conferring upon the Commissioner of Internal Revenue the power to disregard valid orders of the probate court made in the course of the administration and settlement of an estate unless the language of the grant is so express and unequivocal as to admit of no other construction.

■ The Commissioner insists, and the Tax Court found, that the regulation, which the Tax Court held now has the force and effect of statutory law, gave the Commissioner the right, in effect, to determine what should be the reasonable period within which the administrator should conclude his administration and settle the estate. The regulation is not susceptible of this construction. In the first sentence it is stated that the income dealt with in the Act is the income received by the estates of deceased persons "during the period of administration or settlement thereof." The regulation did not undertake to vary or enlarge the language of the statute, for the second sentence of the regulation provides that the period of administration or settlement is "the period required by the executor or administrator" to perform the ordinary duties, etc. The third sentence in the regulation expressly states that the period specified in the local statute for the settlement of the estate shall not be controlling but the period shall be the time "actually required for this purpose".

The administrator in the present case actually required a period even beyond the three tax years here involved, whether this period was needed or not. Another administrator might have required considerably less, but this administrator actually required the period involved in that it actually took him that long. Perhaps he should have moved more swiftly, but the only adverse result to the estate would be its continued taxation as a unit. The regulation does not use the expression "period reasonably necessary to administer or settle the estate" nor any other synonymous expression, and the purpose seems to be definitely inferable that if the administrator actually requires, or consumes, a long period in administering the estate, then for such period the income shall continue to be charged to the estate and not diminished by splitting the tax liability among the heirs, as would happen in the event of a distribution. The onus of a delayed distribution

---

[1] "(3) Income received by estates of deceased persons during the period of administration or settlement of the estate."

[2] "The income of an estate of a deceased person, as dealt with in the Act, is therein described as received by the estate during the period of administration or settlement thereof. The period of administration or settlement of the estate is the period required by the executor or administrator to perform the ordinary duties pertaining to administration, in particular the collection of assets and the payment of debts and legacies. It is the time actually required for this purpose whether longer or shorter than the period specified in the local statute for the settlement of estates."

of the assets of an estate is the taxation of income as a unit, and there seems to be no impelling reason, in the usual course of administration of estates, for Congress to seek to hasten the winding up of an administration, since, generally, as long as the undistributed income is taxable solely to the estate, the greater are the returns to the Government. It is our view, therefore, that Congress never intended, nor was the regulation ever designed, to evoke the construction which the Tax Court announced in this case. This conclusion becomes more apparent when the last sentence in the regulation is considered. Again the time is not defined as the period reasonably necessary to administer the estate, but it is the actual time, even if it is longer than the period specified in the statute for the settlement of estates. The Commissioner of Internal Revenue certainly was not vested with the power to determine that a state statute fixing the time for the winding up of an estate is unreasonable. The Legislatures of the states clearly have the right to prescribe the period in which estates must be wound up, and neither by Congressional enactment nor departmental regulation would such a statute be declared unreasonable. Such statutes will . be deemed reasonable, but the reasonableness of the period fixed by such statute is not the criterion fixed by the regulation. On the contrary, "It is the time actually required" for the settlement of estates whether that period be longer or shorter than the presumably reasonable period specified in the local statute.

It seems clear that the act and also the regulation each contemplates that during the period that the estate is actually under administration and unsettled the income shall be reported by, and the undistributed portion thereof taxed to, the estate.

This conclusion necessitates a reversal, but there is a further reason why the judgment of the Tax Court was erroneous. Sec. 733.08 (1), Fla.Stat.1941, F.S.A., authorized the personal representative of the estate of a deceased person to carry on the trade or business of the decedent for a reasonable time under the supervision of the County Judge. Sec. 733.08 (5) provides that any person interested in the estate may apply for an order requiring the personal representative to wind up the trade or business, and upon hearing the matter the County Judge is by statute authorized to make such order thereon as he may deem for the best interest of the estate. The statute does not provide that the business of the decedent must be wound up within a particular time but within a reasonable time. No petition was ever filed by any person to require the administrator to discontinue the business, but even if there had been such a petition the County Judge was empowered to make such an order as he should deem for the best interest of said estate. He was vested with a broad discretion. The record shows that on two occasions before the judgment of the Tax Court was rendered the County Judge had directed the administrator to continue the interest of the estate in the partnership business, and had approved his entire handling of the estate from the beginning. The County Judge's Court had full and complete jurisdiction to make such orders. They are not claimed in any wise to be void. They each held that it was for the best interest of the estate to continue the business, which holdings were amply justified by the huge profits that were regularly accruing to the estate, resulting in greater taxes to the United States and greater wealth to the heirs, and involving no deprivation to the creditors, who had long before been paid. In the absence of fraud, or conspiracy to evade taxes, it does not lie within the province of the Tax Court to say that the County Judge abused his discretion in ordering that the administration should be kept open, in compliance with the agreement and desire of all parties in interest that this should be done until such time as the business could be liquidated by an advantageous sale. Those orders of the County Judge's Court were conclusive of the question of whether it was reasonably necessary, or for the best interests of the estate, at the times the orders were made, to keep the estate open, even if the question of the time reasonably necessary to keep the estate open were involved here. The order of the County Judge to continue the business is not subject to be set aside by the Commissioner of Internal Revenue, nor to be collaterally attacked by him in the Tax Court, in the absence of a showing that the orders were void on their face. These orders of the County Judge were valid and conclusive determinations that the period legally and properly required for the winding up of the estate had not expired even in 1942.

The orders of the Tax Court appealed from as to Walter A. Frederich and Lena Frederich, his wife, Docket No. 112245, and Margaret Swisher Seever, Docket No. 112478, are erroneous and are reversed and set aside, and the cause is remanded with directions to the Tax Court to pass on the question of whether or not Walter A. Frederich is entitled to a credit for overpayment of income taxes of the estate of the decedent on account of reporting that the estate owned fifty per cent of the profits of the business instead of forty per cent, as determined by the State Court.

Reversed and remanded.

HOLMES, Circuit Judge (dissenting).

The only question for decision is whether there was substantial evidence to support the finding of the Tax Court that the calendar years 1937, 1938, and 1939 did not constitute a period of administration or settlement of the estate.

Herman Frederich died on January 6, 1934. His individual debts were paid in that year. At the close of 1934, the partnership liabilities were $14,624.37; at the close of 1935, they were $9,966.53; and at the close of 1936, they were $30,931.95. During these years, the partnership earnings were roughly $43,200, $41,200, and $71,200, respectively. Surely these earnings were adequate in each year to defray the obligations of the partnership without fear of forced liquidation.

Letters of administration were not issued upon the decedent's estate until December 21, 1938. Thereafter, the only administrative action taken prior to October, 1941, was the filing of an estate tax return. After the close of 1934, the only act remaining to be performed to complete the administration of the estate, except for the filing of the estate tax return, was the distribution of the estate to the heirs at law. These duties did not reasonably require six years to perform.

The Tax Court found that the time required for performance of the usual administrator's duties did not extend into the taxable years here involved. This finding is entitled to finality, since it is amply sustained by the record. The probate court did not determine the issue here involved; the question was not presented to it; the issue was not in controversy.

I think the judgment appealed from should be affirmed.