COPE et al. v. UNITED STATES.

Civ. A. No. 6395.

United States District Court
E. D. Pennsylvania.

Aug. 9, 1948.

Henry D. O'Connor, of Philadelphia, Pa., for plaintiffs.

Theron Lamar Caudle, Asst. Atty. Gen., Andrew D. Sharpe, and Benjamin H. Pester, Sp. Assts. to Atty. Gen., and Gerald A. Gleeson, U. S. Atty. and Thomas J. Curtin, Asst. U. S. Atty., both of Philadelphia, Pa., for defendant.

### KIRKPATRICK, Chief Judge.

The facts have been stipulated and the stipulation is adopted as the Court's findings of fact.

The trust was created in 1898, the present taxpayer being one of the life beneficiaries. The early history of the trust management is not particularly relevant to the question here involved. In 1931 the trustee had in its hands an invested fund and also title to a piece of real estate which had been taken by it in lieu of foreclosing a mortgage upon it belonging to the trust. Beginning in 1933 the real estate failed to earn its carrying charges and the trustee met them by using the income received from the investments. Moreover, the trustee had made certain illegal investments which had resulted in considerable loss of both principal and interest. Thus it happened that from 1933 to 1940 the taxpayer beneficiary received nothing from the trustee.

In 1939 two things occurred—the trustee refunded $30,510.90 to replace losses due to illegal investments, of which $7,210.90 represented loss of income to the estate, and the trustee also was required to credit income and charge principal with the amount of money taken by it from income and used to pay carrying charges on the real estate. In 1940, the taxpayer received from the trustee his share of the income arising from these adjustments.

The assessment here involved is for the year 1940.

The distinction between this case and the two decisions, Plunkett v. Commissioner, 1 Cir., 118 F.2d 644, and Johnston v. Helvering, 2 Cir., 141 F.2d 208, upon which the government relies, is that in those two cases there was no income whatever received by the *trustees* before the year in which the taxpayer received the income for which he was assessed, whereas in the present case the trustee actually received income during every year up to 1940 but, instead of distributing it currently as it should have done, used it for an unauthorized purpose, namely, to pay carrying charges upon the real estate. As pointed out in Freuler v. Helvering, 291 U.S. 35, 54 S.Ct. 308, 311, 78 L.Ed. 634, "The test of taxability to the beneficiary is not receipt of income, but the present right to receive it." See also United States v. Arnold, 3 Cir., 89 F.2d 246, and Commissioner v. Lewis, 3 Cir., 141 F.2d 221. In the present case the beneficiaries had the right to receive the income year by year as it accrued and it was currently distributable to them. It was, therefore, income to them as of the time of its receipt by the fiduciary and it was returnable by them and taxable to them when so received, whether or not actually distributed to them.

So far as the $7,210.90 recovered from the trustee and representing income lost to the estate through unauthorized investments is concerned, if this money had been received by the trustee in its fiduciary capacity (from itself in its individual capacity) in the year 1940, we would have a situation like that presented in Plunkett v. Commissioner, supra, but it was actually in the hands of the trustee in 1939, and whether properly taxable in that year or in earlier years, it is not taxable in 1940.

The conclusions of law are that income in the amount of $9,144.87 was erroneously included by the taxpayers in their 1940 return and that they are entitled to judgment in the amount of the tax.

Judgment may be entered for the plaintiffs.