## BRYANT v. COMMISSIONER OF INTERNAL REVENUE.

### No. 6156.

United States Court of Appeals. Fourth Circuit.

Argued Oct. 16, 1950.

Decided Dec. 8, 1950.

Joel B. Adams, Asheville, N.C. (Adams & Adams, Asheville, N.C., on brief) for petitioner.

L. W. Post, Sp. Asst. to the Atty. Gen. (Theron Lamar Caudle, Asst. Atty. Gen., and Ellis N. Slack, Sp. Asst. to the Atty. Gen., on brief) for respondent.

Before PARKER, SOPER and DOBIE, Circuit Judges.

SOPER, Circuit Judge.

This petition for review relates to a decision of the Tax Court of the United States in which a deficiency of $459.40 in the income and victory tax for the year 1943, and a deficiency of $12221.05 in the income tax for the year 1944 was adjudicated against the petitioner.

Edith Moorhead Bryant, the taxpayer, was one of the beneficiaries and the remainderman of a trust estate created by the will of S. E. Moorhead, her father, a resident of New York who died in 1941. He bequeathed 2500 shares of stock of Liggett & Myers Tobacco Company to the Guardian Trust Company of New York in trust to pay out of the income therefrom or from the principal, if necessary, $10,000 annually to his wife for her life, and to pay the balance of the income, if any, to his daughter. Upon the death or remarriage of the widow the trustee was directed to pay over the principal of the trust fund, less statutory commissions, to his daughter.

The widow died on October 17, 1943, but the estate was not transferred to the taxpayer until April 3, 1944 when the trustee delivered the entire corpus to the taxpayer. The trustee collected $8857.30 of income in 1943 and $1837.58 of income in 1944. Out of the income for 1943 the trustee paid to the widow before her death and to her estate after her death the aggregate sum of $7945.20 (less commissions), which represented the proportionate part of $10,000 due her for the period from January 1 to October 17, 1943. Out of the balance of the income the trustee paid state and federal income taxes on capital gains, expenses incurred in the termination of the trust, consisting of trustee's commissions, attorney's fees, transfer taxes and express charges, and also paid the trustee's commissions on income. These payments amounted in all to $4707.12, leaving only $186.71 remaining in its hands. This sum, together with the corpus, was paid and delivered to the taxpayer on or about April 3, 1944. No part of the principal or income from the estate was paid to the taxpayer prior to that date.

An instrument in the form of a receipt, release and indemnification was executed between the Trust Company, the taxpayer and the executors of the esate of the widow, which recited that the taxpayer had paid to the trustees the sum of $4461.81 to enable the trustee to avoid the necessity of liquidating any of the securities of the trust estate for the purpose of paying the income due the estate of the widow and the commissions due the trustee and other termination charges. No payment, however, was in fact made by the taxpayer to the trustee, but the expenditures referred to were paid solely out of the income as previously stated.

The Tax Court held that none of the payments made by the Trustee were properly deductible from the income due the tax-

payer except the income due the widow for the year 1943, the income taxes due the State of New York, and the trustee's commissions on income, and that hence the remainder of income in the trustee's hands, amounting to the sum of $596.61 for the year 1943 and the sum of $1752.72[1] for the year 1944 represented income which was currently distributable to the taxpayer. The taxpayer contends that this decision was wrong because she actually received only $186.71 as income from the trust estate in 1943 and 1944, and that only this amount was currently distributable to her within the meaning of Section 162(b) of the Internal Revenue Code, 26 U.S.C.A. § 162(b), which provides in effect that in computing the net income of an estate for income tax purposes, the amount of the income for the taxable year which is to be distributed currently to the beneficiaries may be deducted; but the amount so allowed as a deduction shall be included in computing the net income of the beneficiary whether distributed to them or not.

■■■ The decision of the case is not controlled by the erroneous statement in the agreement of settlement between the trustee and the taxpayer that the taxpayer furnished the funds which enabled the trustee to defray taxes and termination charges without selling any of the corpus of the trust; nor by the fact that the trustee actually used income of the trust to pay these expenses so that the taxpayer received only a small part of the income in the taxable years. The test of taxability is not the receipt of income but the right to receive it. Freuler v. Helvering, 291 U.S. 35, 54 S.Ct. 308, 78 L.Ed. 634 and the right to receive the income of a trust depends upon the terms of the trust instrument and governing state law. Commissioner v. Lewis, 3 Cir., 141 F.2d 221; Abell v. Tait, 4 Cir., 30 F.2d 54; Ardenghi v. Helvering 2 Cir., 100 F.2d 406, certiorari denied 307 U.S. 622, 59 S.Ct. 793, 83 L.Ed. 1501; United States v. Blosser, 8 Cir., 104 F.2d 119. The Tax Court followed the estab-lished rule in New York that only those expenses properly chargeable against income are deductible from income and those expenses chargeable against corpus are deductible from corpus. In re Petremont's Will, 213 App.Div. 318, 210 N.Y.S. 379; affirmed 241 N.Y. 586, 150 N.E. 566; Matter of Eddy's Will, 207 App.Div. 162, 201 N.Y.S. 760, 761; In re Marvin's Estate, 135 Misc. 899, 241 N.Y.S. 500; In re Chave's Estate, 227 App.Div. 554, 238 N.Y.S. 678. The testator's intention in this respect, as shown by the terms of the will, was in accord with this rule for it expressly directed the trustee at the termination of the trust upon the death of the widow to "deliver the principal of said trust fund or so much thereof as then remains, less statutory commissions" to his daughter. It therefore became the duty of the trustee at the termination of the trust to pay the capital expenses from the corpus in accordance with the local rule in New York.

■■■ The trustee was of course entitled to a reasonable time in which to settle the trust estate after the death of the widow and in the meantime the trust estate was a taxable entity; Commissioner v. First Trust & D. Co., 2 Cir., 118 F.2d 449; Frederich v. Commissioner, 5 Cir., 145 F.2d 796, 157 A.L.R. 841; but the will contemplated that upon the death of the widow the corpus should belong to the taxpayer and it follows that the income on the corpus thereafter collected by the trustee during the taxable years belonged to and was currently payable to the taxpayer after the widow's share of the income for 1943 and the expenses attributable to income had been set aside. The amount of these deductions are not disputed in this case.

In Commissioner v. First Trust & D. Co., supra, upon which the taxpayer depends, the court held that the income was not distributable to the beneficiaries by reason of the terms of the will. In Trust of Bingham v. Commissioner, 325 U.S. 365, 65 S.Ct. 1232, 89 L.Ed. 1670, it was held that in com-

---

1. This sum exceeded the amount held by the Commissioner to be distributable to the taxpayer in 1944, but since no in-creased deficiency was requested, the Tax Court accepted the Commissioner's figure.

520

puting the taxable income of a trust which imposed the duty upon the trustee to maintain and administer the estate for a period of twenty-one years, the expenses incurred by the trustee in the distribution of the corpus were deductible as expenses of management; but in that case the court was not considering the tax liability of distributees of income but the tax liability of the trust estate, and the taxable entity was the estate and not the distributees thereof. Deductions allowable to an estate are not available to beneficiaries unless the tax statute so provides. Anderson v. Wilson, 289 U.S. 20, 27, 53 S.Ct. 417, 77 L.Ed. 1004; New Colonial Co. v. Helvering, 292 U.S. 435, 440, 54 S.Ct. 788, 78 L.Ed. 1348. In Sitterding· v. Commissioner, 4 Cir., 80 F.2d 939, the income of the estate pending the settlement thereof was not payable to the legatees under the will, and the court·found that the amount of the income in·the hands of the executor was not enough to pay the state and federal taxes which under the Revenue Act of 1928 were deductible from the gross income of estate. In short it was held that no income taxes were due either by the estate or the legatees. See the comment on this case in Ardenghi v. Helvering, supra.

We find nothing in these decisions in conflict with the Tax Court's decision and it is therefore affirmed.