**SAULSBURY v. UNITED STATES.**

No. 13909.

United States Court of Appeals Fifth Circuit.

Nov. 10, 1952.

James A. Dixon, Miami, Fla., John G. Rauch, Indianapolis, Ind., for appellant.

Carolyn R. Just, Sp. Assts. to Atty. Gen., Elizabeth B. Davis, Lee A. Jackson, Ellis N. Slack, Acting Asst. Atty. Gen., Ernest L. Duhaime, Asst. U. S. Atty., Miami, Fla., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and RUSSELL, Circuit Judges.

HOLMES, Circuit Judge.

This is the question presented: Whether the net income of a trust, distributable currently to the beneficiary within the meaning of Section 162(b) of the Internal Revenue Code, 26 U.S.C.A. § 162(b), is income taxable to the beneficiary even though it was not actually received by her but was used by the trustee under an order of the state court to pay a loan, the proceeds of which were used to pay federal estate taxes on the corpus of the trust.

The taxpayer is the beneficiary of a trust established by her husband on June 19, 1932. The original trust agreement provided that the income should be paid to the donor, and that he retained the right to determine the disposition of the corpus. Under an amendment of the original instrument, ex-ecuted on April 23, 1936, the income of the trust was made payable to the donor for life and, at his death, to his wife for life, with the power to dispose of the remainder by appointment to such person or persons as she saw fit. This amendment further provided that the trustee should pay, out of the corpus, any and all estate and inheritance taxes which might be levied by the United States or any State upon any assets constituting the whole or any portion of the corpus of this trust.

In his last will and testament, the donor directed that all of his debts be paid, also all taxes, including estate taxes, levied or assessed against his estate. The taxpayer was named as executrix and residuary legatee of her husband's will. As residuary legatee, the taxpayer received assets of a total value of $9,179.73. After qualifying as executrix, the taxpayer was discharged and Albert Ward appointed as administrator. On July 28, 1943, Albert Ward filed his final report as administrator and was discharged; in this report he stated that all debts, funeral expenses, and cost of administration had been paid, and also that all estate taxes due the United States had been paid; but the Commissioner of Internal Revenue later determined that there was a deficiency in the payment of the estate taxes of this trust in the amount of over $90,000. It, therefore, became necessary for the trustee to sell estate assets or to borrow the sum of $90,000 to be evidenced by a note and secured by a pledge of estate assets.

Accordingly, on September 8, 1944, the trustee, the American National Bank of Indianapolis, filed a petition in the probate court of Marion County, Indiana, stating the pertinent facts and requesting that it be authorized to borrow this amount and to pledge 12,500 shares of the capital stock of Eli Lilly & Company as security for repayment of the loan. On the same day the court entered an order directing the trustee to borrow the money, pledge the stock, and pay the taxes, as prayed for in the petition. The important part of said order, so far as our decision is concerned, is a provision that until said note was paid the

trustee should make no further payments of income of any kind or character to the life beneficiary of the trust, who is the appellant here. On October 16, 1944, the trustee filed its report with said probate court showing payment to the Collector of Internal Revenue of the amount of the deficiency assessment, and the court entered an order approving the report and removing the trust from its docket.

For the years 1942, 1943, 1944, and 1945, the trustee filed fiduciary income tax returns and paid the taxes shown thereon to be due. On these returns the trustee did not report any income distributable to appellant (the taxpayer), and did not take any deduction for any income distributable to the beneficiary. The Commissioner determined that the net income of the trust was distributable to the beneficiary under the terms of the trust instrument, and, therefore, taxable to her under the provisions of Section 162(b) of the Internal Revenue Code. The court below sustained the determination of the Commissioner, and our conclusion is in accord with the decision under review.

We agree with counsel for the taxpayer that the primary question is whether the income of the trust is taxable to her under the provisions of Section 162(b) of the Code, and we think that the decision of that question is decisive of this controversy. Under the plain terms of the trust instrument, the trustee was to pay estate taxes out of corpus, and to pay the net income to the widow of the donor; and the trustee had no discretion or authority to reduce the actual net income due the beneficiary by any amount. It is well established that the intent of the grantor in the case of a trust instrument, or of the decedent in the case of a will, is controlling in determining the rights of the beneficiaries under said Section 162(b). In Baltzell v. Mitchell, 1 Cir., 3 F.2d 428, at page 43, the court said that the distributive share which Congress must have had in mind and intended to be taxed was the distributive share of the income allotted to her under and in accordance with the terms of the trust. To the same effect is the later decision of the Fifth Circuit in McCrory v. Commissioner, 69 F.2d 688, wherein it is stated that whether income is to be distributed currently, or accumulated in the discretion of the fiduciary, depends on the terms of the trust instrument. See also Bryant v. Commissioner, 4 Cir., 185 F.2d 517. The fact that the trustee does not comply with the terms of the trust instrument does not relieve the beneficiary of taxability on the income. Cope v. United States, D.C., 80 F.Supp. 534. Cf. Caldwell v. United States, 7 Cir., 102 F.2d 607. See also Ardenghi v. Helvering, 2 Cir., 100 F.2d 406, and Doty v. Commissioner, 5 Cir., 148 F.2d 503.

The order of the state court directing that no further payments of income be made to appellant until said loan was paid, we think, is not entitled to any weight, since it did not determine the rights of the parties under the trust instrument. Moreover, it does not affirmatively appear that said order was obtained in an adversary proceeding and that there was no collusion. By the word *collusion*, we do not mean to imply fraudulent or improper conduct, but simply that all interested parties agreed to the order and that it was apparently to their advantage from a tax standpoint to do so. We mean that there was no genuine issue of law or fact as to the right of the beneficiary to receive this income, and no *bona fide* controversy between the trustee and the beneficiary as to property rights under the trust instrument. The order of the state court frustrated the plan of the donor to the extent that it prohibited payment of income to the beneficiary. The question before the state court was not whether the income under the terms of the trust instrument belonged to the trustee or to the beneficiary, but whether the trustee should be given permission to borrow money to pay the estate taxes and to use the income from the trust to pay off the loan. The beneficiary was made a party, and was represented; but apparently she did not contest the proposed action of

the trustee. The court did not determine whether the trustee or the beneficiary was entitled to the income therefrom. The latter may have acquiesced in the entire proceeding; it does not appear that she was adverse to it; and the doctrine of *res judicata* is not applicable, because the parties are not the same.

In Loggie v. Thomas, 5 Cir., 152 F.2d 636, this court in determining tax liabilities refused to give effect to the declaratory judgment of a state court, saying that it did not foreclose an inquiry into the liability of the trustee for taxes on the income from the same property that was involved in the state court judgment. In Sewell v. Commissioner, 5 Cir., 151 F.2d 765, at pages 765–766, certiorari denied 327 U.S. 783, 66 S.Ct. 683, 90 L.Ed. 1010, this court held, that a decision of the state court was binding between the parties in the settlement of their legal rights but the income tax consequences thereof were not. It said that estoppel, laches, acceptance of benefits, and rights of third parties, are incidents that might affect the decision of a state court in a contest between the paries, which would have no bearing in a controversy between the parties and the United States over income taxes imposed by virtue of a federal statute. To the same effect are First-Mechanics National Bank of Trenton v. Commissioner, 3 Cir., 117 F.2d 127, 132 A.L.R. 1459; Commissioner v. Child's Estate, 3 Cir., 147 F.2d 368; Doll v. Commissioner, 8 Cir., 149 F.2d 239; Daine v. Commissioner, 2 Cir., 168 F.2d 449, 4 A.L.R.2d 248.

The decision of the court below, that the income of the trust was distributable to the taxpayer under the terms of the trust instrument, and taxable to her under the provisions of Section 162(b) of the Internal Revenue Code, was correct; and the judgment appealed from should be affirmed. There are other good reasons urged by the appellee for reaching the same result, but those already stated by us are deemed sufficient.

Affirmed.