AMERICAN TRUST COMPANY, a corporation, as Trustee, Plaintiff,

v.

James G. SMYTH, Collector of Internal Revenue, and the United States of America, Defendants.

No. 33507.

United States District Court
N. D. California, S. D.
June 4, 1956.

Brobeck, Phleger & Harrison, San Francisco, Cal., for plaintiff.

Lloyd H. Burke, U. S. Atty., San Francisco, Cal., for defendants.

OLIVER J. CARTER, District Judge.

Plaintiff, as trustee of a testamentary trust, seeks the refund of capital gains taxes paid under protest. The facts are not in dispute. Jurisdiction is necessarily invoked under 28 U.S.C. § 1346 (a) (1).

In 1946 plaintiff trustee sold part of the property constituting the corpus of the trust at a profit. Defendant Collector of Internal Revenue collected a capital gains tax based on the gain resulting from that sale of trust property. Throughout 1946 all the life beneficiaries of the trust and all the remaindermen of the trust were residents of the United Kingdom of Great Britain and Northern Ireland; therefore plaintiff claims an exemption from United States capital gains tax, by virtue of Article XIV of the Convention between the United States of America and the United Kingdom of Great Britain and Ireland signed April 16, 1945, effective as of January 1, 1945, relating to income taxes, 60 Stat., part 2, p. 1377, which provides:

> "A resident of the United Kingdom not engaged in trade or business in the United States shall be exempt from United States tax on gains from the sale or exchange of capital assets."

The defendant does not contend that any of the beneficiaries of the trust are engaged in trade or business in the United States. The defendant does contend that the capital gain which resulted from the sale of trust property in 1946 was not the income of the beneficiaries and remaindermen of the trust, but was income that was taxable to the trustee; the trustee, a California corporation, is not a resident of the United Kingdom and does not qualify for the exemption of Article XIV of the tax convention. This contention of the defendant is based upon a distinction that has long been made in the scheme of taxation of trusts in the United States; that is, that if trust income is currently distributable to the beneficiaries, it is treated as their income and taxable to them, but if trust income is not currently distributable to the beneficiaries under the trust instrument, it is the trustee's income and is taxable to the trustee. One of the leading cases on this doctrine is Freuler v. Helvering, 291 U.S. 35, 41, 54 S.Ct. 308, 310, 78 L.Ed. 634, wherein the Supreme Court said this with regard to the sections of the Internal Revenue Act dealing with the taxation of trusts:

> "This [the net income of the trust] the fiduciary may be required to accumulate; or, on the other hand, he may be under a duty currently to distribute it. If the latter, then the scheme of the act is to treat the amount so distributable, not as the trust's income, but as the beneficiary's."

The Court held, 291 U.S. at page 42, 54 S.Ct. at page 311:

> "The test of taxability to the beneficiary is not receipt of income, but the present right to receive it."

This rule has been followed in numerous later cases. In Hubbell v. Helvering, 8 Cir., 70 F.2d 668, 669, certiorari denied, Hubbell v. Burnet, 283 U.S. 840, 51 S.Ct. 487, 75 L.Ed. 1450, the court de-

scribed the holding of the Freuler case in this way:

"That decision determines that the entire net income of the trust estate is taxable; that, in determining such net income, the trustee is authorized to make the appropriate deductions allowed by law to other taxpayers; that so much of such net income as is distributable to the beneficiaries is taxable to them; that whether a part of such income is so distributable depends upon the terms of the instrument creating the trust * * *."

And in Bryant v. Commissioner, 4 Cir., 185 F.2d 517, 519, the court said:

"The test of taxability is not the receipt of income but the right to receive it. Freuler v. Helvering, 291 U.S. 35, 54 S.Ct. 308, 78 L.Ed. 634 and the right to receive the income of a trust depends upon the terms of the trust instrument and governing state law." (Citations omitted.)

See also Peck v. Commissioner, 2 Cir., 77 F.2d 857, 858, certiorari denied, Peck v. Helvering, 296 U.S. 625, 56 S.Ct. 148, 80 L.Ed. 444; Saulsbury v. United States, 5 Cir., 199 F.2d 578.

█ Under the trust instrument in the case at bar, capital gains are not currently distributable to the beneficiaries; therefore the defendant argues that capital gains are income to the trustee, and are taxable because the trustee is not entitled to the exemption of the tax convention. The defendant agrees that if capital gains were currently distributable to the beneficiaries under the terms of this trust, such capital gains would be the income of the beneficiaries, and would be exempt from United States tax under the tax convention because the beneficiaries are residents of the United Kingdom.

Plaintiff attempts to meet this main defense by arguing that the United Kingdom tax convention was intended by the contracting parties to override the provision of domestic law upon which the defendant relies. These provisions are found in Treasury Department regulations made pursuant to Section 62 of the Internal Revenue Code of 1939, 26 U.S.C., 1952 Ed., § 62. These regulations may be found in T.D. 5569, 1947–2 Cum.Bull., 100, 109, 12 F.R. 1236. Plaintiff makes several points in support of its argument, but none of them are persuasive.

Plaintiff argues that Article XIV of the tax convention should be construed to exempt capital gains resulting from the sale of property "in beneficial ownership." In this connection plaintiff emphasizes that the ordinary income of the trust which is distributable to the beneficiaries is less than it would be if the corpus of the trust were not depleted to the extent of the capital gains tax collected by the defendant. But this is the equivalent of arguing that if any burden of a capital gains tax falls upon a resident of the United Kingdom, the exemption of the tax convention applies. There is no warrant in the convention for such an interpretation.

Plaintiff also seeks comfort in dictionary definitions of the word "exempt" to the effect that the word means "to free from the burden of." Here, again, plaintiff would have this Court construe the exemption of Article XIV to apply to any resident of the United Kingdom on whom falls any of the burden of a United States capital gains tax. There is nothing in the tax convention to justify that construction of the word "exempt," and if that was the intention of the parties to the compact, they could easily have so provided.

Plaintiff also contends that the aim of the parties to the tax convention was equality of treatment in the taxation by each party of the nationals of the other party. From this plaintiff argues that because an American beneficiary of a trust held by a United Kingdom trustee would be wholly free from any burden of United Kingdom capital gains tax, that it must have been intended by the

parties to the tax convention that in the reverse but like situation of United Kingdom beneficiaries of a trust with an American trustee, such as in the case at bar, that the beneficiaries should be freed from any burden of the United States capital gains tax. But the reason that an American beneficiary of a trust held by a United Kingdom trustee would be free from any burden of United Kingdom capital gains tax is, that there is no capital gains tax in the United Kingdom. One could just as well argue that a resident of the United Kingdom who held stock in an American corporation should be free from the burden of United States capital gains taxes on sales of corporate property, because an American stockholder in a United Kingdom corporation would not suffer the burden of a United Kingdom capital gains tax on sales of corporate property. This Court is not convinced that perfect equality of tax treatment was accomplished or intended to be accomplished by the tax convention on which plaintiff relies. Tax conventions are the product of long negotiations between the contracting parties. These negotiations usually consist of a series of tax concessions made by each party to the convention; therefore complete reciprocity is seldom possible.

The provision of the tax convention on which plaintiff must base its whole case, provides in substance that a resident of the United Kingdom shall be exempt from United States capital gains tax. No mention is made of trusts. Plaintiff urges this Court to consider the rule of construction of treaties referred to by the Supreme Court in Factor v. Laubenheimer, 290 U.S. 276, 293–294, 54 S.Ct. 191, 196, 78 L.Ed. 315:

> "* * * if a treaty fairly admits of two constructions, one restricting the rights which may be claimed under it, and the other enlarging it, the more liberal construction is to be preferred." (Citations omitted.)

But this Court does not agree that Article XIV fairly admits of the construction that income ordinarily taxable to a trustee is to be taxed to beneficiaries. The basic issue here is, who is the taxpayer? It is perfectly reasonable for the defendant to follow United States law in making that initial determination; there is nothing in the tax convention that would warrant the defendant in looking elsewhere for guidance on that point.

Plaintiff has failed to overcome a basic obstacle to recovery in this suit; namely, plaintiff has failed to show that the capital gain which was taxed here, represented income to the beneficiaries of the trust, who are the only persons who can qualify for an exemption under the convention. Plaintiff has not shown anything in the tax convention that requires this Court to find that the parties to the convention intended to treat the trustee's income as that of the beneficiaries in the case of capital gains.

The case of Lewenhaupt v. Commissioner, 20 T.C. 151, affirmed per curiam, 9 Cir., 221 F.2d 227, is not controlling here because of difference in the language of the Swedish-American Convention construed in that case, and the language of the United Kingdom-American Convention construed in this case.

It is the conclusion of this Court that the capital gain involved in this case, represented income to the trustee, and that the trustee does not qualify for any exemption from taxation on that income.

The defendant has moved to strike stipulation No. 4, and portions of stipulation No. 5, upon the ground that they were irrelevant and immaterial. Ruling on these motions was reserved. The stipulations are relevant and material to plaintiff's theory of the case, and the motion to strike will, therefore, be denied.

Judgment is awarded to defendant, with his costs of suit incurred herein. Counsel for defendants shall present findings, conclusions and a judgment.