214 F.Supp. 16 (1962)
Richard and Almira S. BALDWIN, Plaintiffs,
v.
UNITED STATES of America, Defendant.
Edwin S. BALDWIN, Plaintiff,
v.
UNITED STATES of America, Defendant.
Nos. 61 C 336(2), 61 C 337(2).
United States District Court E. D. Missouri, E. D.
December 28, 1962.
*17 Charles Claflin Allen, Lewis, Rice, Tucker, Allen & Chubb, St. Louis, Mo., for plaintiff.
D. Jeff. Lance, U. S. Atty., John A. Newton, Asst. U. S. Atty., St. Louis, Mo., for defendant.
MEREDITH, District Judge.
This matter is pending in each case upon the Motions of the plaintiff and the defendant for summary judgment. The facts have been stipulated by the parties, and they have been heard by oral arguments and by briefs. These actions are to recover federal income taxes and interest alleged to have been erroneously and illegally assessed and collected for the year 1957 in the amount of $9,081.57 from Richard and Almira S. Baldwin and in the amount of $820.65 from Edwin S. Baldwin. Richard and Almira S. Baldwin claim statutory interest from February 16, 1961, and Edwin S. Baldwin claims statutory interest from February 15, 1961.
This Court has jurisdiction under Title 28, § 1346(a) (1), U. S. Code.
Plaintiffs are residents of the Eastern District of Missouri.
The facts as agreed to by the parties and as found by the Court are as follows:
Almira McNeely Steedman died August 26, 1956, leaving a will dated February 22, 1952, and a codicil dated May 25, 1955. The will appointed Almira S. Baldwin and Richard Baldwin, daughter and son-in-law of testatrix, as executors of the estates and trustees of the residuary trusts of the will. The will made specific bequests totalling $83,000 and directed her executors to pay federal estate taxes and state inheritance taxes. The state inheritance taxes otherwise would be payable by the several beneficiaries. By Clause 6 of her will, the testatrix disposed of all the rest, residue and remainder of her estate. One-half of the residue was placed in a trust, the income of which was to be paid to Almira S. Baldwin and Richard Baldwin during their lives with the remainder to pass to the grandchildren and the grandchildren's descendants. The other one-half of the residue was left in four separate trusts with the income of each trust to be paid to each of four grandchildren, including plaintiff Edwin S. Baldwin, during their lives and the remainder to go to their descendants. Income was to be accumulated in the trusts for the grandchildren until they reach the age of twenty-one and could be further accumulated until they reached the age of twenty-five, at the discretion of the trustees. The gross estate of Mrs. Steedman amounted to $2,187,499.12, of which $909,538.18, or 41.58%, was used to pay debts, taxes, expenses and specific bequests. The remainder $1,277,960.94, or 58.42%, of the gross estate went into the trusts established by the residuary clause of the will.
For the year 1957 the estate of Almira McNeely Steedman reported a gross income $77,297.57 and a deduction for distribution to the residuary trusts of $61,491.65. The Almira S. and Richard Baldwin trust had an income of $30,745.83 for *18 1957, of which $17,961.71, or 58.42%, was distributed to Almira S. and Richard Baldwin. The Edwin S. Baldwin trust had an income of $7,686.46 for 1957, of which $3,012.55, or 58.42%, was distributed to Edwin S. Baldwin. The trustees of the trusts added the 41.58% of the income received by each trust to capital of the trust and the amount which was added to the capital of each of the two trusts in question was reported by the trustees as taxable income and taxes were paid thereon.
The government assessed deficiencies against Almira S. and Richard Baldwin, beneficiaries of one trust, for that amount which was retained as capital in the trust, and against Edwin S. Baldwin, beneficiary of one trust, in that amount which was retained as capital in his trust. The assessed deficiencies were paid by the plaintiffs and they have brought suits for refund thereof.
The sole question presented in this case is whether the income beneficiaries of the residuary trusts are entitled to all of the income received by the executors during probate of the estate from assets used to pay specific bequests, expenses, taxes and debts, or only the income from that portion of the assets representing the net clear residue of the estates. It is agreed by both parties that the determination of whether trust income is required to be distributed depends upon the terms of the trust instrument and of applicable local law. Bryant v. Commissioner of Internal Revenue, 4 Cir., 185 F.2d 517.
The testatrix, in disposing of her property, clause 6(a) and (f) thereof, made it clear that the trusts consist of parts of the residue only. The will, in clause 6(e), provides that the income from the trusts created in 6(a) shall be paid equally to her daughter and son-in-law. In 6(f) it is provided that the income of each of said trusts for her grandchildren shall be accumulated and paid over after age twenty-five is reached. In determining the intention of the testatrix from the instrument, it would appear that from the instrument itself that the testatrix meant that only the income of the residue is to be paid over and distributed to the beneficiaries and not the income from the entire gross assets of the estate.
The government takes the position that the instruments themselves are not determinative of this question. Their further position is that the Missouri court decisions are not clear and since there is no Missouri statute, this Court should then look to the law of other states to determine what the Missouri courts would hold. It appears to this Court that from the cases which have been decided by the Supreme Court of Missouri this matter has clearly been determined in principle.
In the case of In re Holmes' Estate, 328 Mo. 143, 40 S.W.2d 616, at page 618, the Court said:
"The will does not provide for the separation of income from corpus and the payment of income or any part thereof to the beneficiary named in the trust during the period of administration, but directs that exceptor be paid one-half of the net income arising from the property `at any time composing said trust estate.' The trust estate provided for could not be determined and did not come into existence until the administration was completed and final settlement made, whereupon the one-half of the `rest, residue or remainder' of the `property and estate' passed to and `vested' in the trustees named and composed `said trust estate.' The residuary estate is that which remains after all obligations constituting charges against the estate and all specific legacies and bequests have been met and discharged. If a specific and outright bequest had been made of certain shares of stock to the trustees for the benefit of exceptor, such shares of stock would be considered as appropriated at the time of the testator's death, and whatever dividends accrued upon them from and after *19 that time would belong to the beneficiary (Woerner's American Law and Administration [3d Ed.] p. 1572), and exceptor's theory would be applicable, but such is not the instant case."
In a later case, Estey v. Commerce Trust Co., 333 Mo. 977, 64 S.W.2d 608, the Supreme Court of Missouri upheld the principles of the case In re Holmes' Estate, supra, and at page 613 a part of their opinion reads as follows:
"Plaintiffs maintain, and we think correctly so, in accordance with the great weight of authority, that, where a bequest of the use or income of property, whether in the hands of a trustee or not, is given by a will or deed to a person for life, with remainder over, the right to such use or income begins at the date of the testator's death, unless there is something in the will to show a contrary intent. Where income-producing property, as here, is given by the will to a trustee with directions to pay over the income to named parties, it will be presumed that the testator intended the benefit to begin at once and not to be postponed to a later date, such as the termination of the administration, unless a contrary intent is made to appear.
"Thus in 40 Cyc. 1882, the rule is stated thus: `It is settled by the great weight of authority that in the case of a bequest of a life estate in a residuary fund, or of some aliquot part thereof, if no time is prescribed in the will for the commencement of the interest or the enjoyment of the use or income of such residue, the legatee for life is entitled to the interest or income of the clear residue, as afterwards ascertained, to be computed from the time of the death of the testator.'
"In 28 R.C.L. 355, the rule is stated in this language: `So where there is the bequest of the whole or of an aliquot part of the residue of an estate to a legatee for life, remainder over, and no time is fixed by the will for the commencement of such life use, the legatee is entitled to the use or income of the clear residue so bequeathed, as the same may be at last ascertained, to be computed from the death of the testator.'
"In 2 Perry on Trusts (6th Ed.) § 550, note (a), it is said: `The general rule is now well established that when property is devised or bequeathed in trust to pay the income to a person for life or for a limited time, he is entitled to either actual or equitable income from the date of the testator's death, unless the testator has indicated an intention that the enjoyment of the income shall not begin until some later date.' See, also, 3 Woerner, American Law of Administration, § 458, p. 1573; Hawes' American Law Relating to Income and Principal, p. 59.
"The rule, supported by the weight of authority, is well stated in the annotation in 70 A.L.R. page 637, thus: `A bequest of the residue of the testator's estate, or some aliquot part thereof, in trust to pay the interest or turn over the income to a beneficiary for life, the corpus over to another after the beneficiary's death, the life tenant is entitled to rents, issues, profit, or income, unless otherwise provided in the will itself, from the death of the testator, and the beneficiary is entitled to the use or income of the clear residue, as the same may ultimately be ascertained, from the death of the testator. [Cases cited.] This conclusion is not altered by the fact that the income does not become due or payable until after the close of the administration, or that the residue of the estate (the corpus of the trust) cannot be determined until the close of administrationthe question being merely one of postponement of the enjoyment of the income, as distinguished from the vesting of the right thereto."
In construing the will which was similar to the will in the instant case in that *20 it placed the remainder in a trust, the Court said as follows:
"As far as the construction of this clause of the said will in question is concerned, the same should be and is construed to mean that the plaintiffs, life tenants of the income of the trust estate, are each entitled to such income from the death of the testator, inclusive of the time the defendant trust company had charge thereof as executor of the will. This means the income on the net trust estate, as afterwards determined on final settlement of the executor after paying legacies, charges, debts of the testator, and necessary costs and expenses of administration."
In the case of Selleck v. Hawley, 331 Mo. 1038, 56 S.W.2d 387, the Court held that the trustee estate did not come into existence until after administration was completed.
In the instant case the income from the assets as finally determined to be the body of the trust was distributed to the income beneficiaries of the trust from the date of the death of the testatrix. This is in accordance with the law in the State of Missouri. There is nothing in the instrument itself which would require the trustees of these trusts to distribute that portion of the income from the assets of the estate which was determined not to be a part of the trust itself and such income was placed in the corpus of the trusts and was not distributed. Attention is called to the broad powers given the trustees in Clause 6 of the will and made applicable to executors during administration by Clause 9. For example, Clause 6(c) gives trustees discretion to apportion between capital and income any expenditures which in the opinion of trustees should be apportioned. From the terms of this instrument in question, it seems clear that the testatrix intended that the beneficiaries of the trusts should receive only the income from the residue which was finally placed in trust. Accordingly, judgment should be entered for the plaintiffs in this matter.