ESTATE OF MARY CLARE MILNER, GUSTRINE MILNER JACKSON AND MARY CLARE MILNER MORSE, EXECUTRICES, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 3255.  Promulgated April 29, 1946.

*Frontis H. Moore, Esq.,* and *Borden Burr, Esq.,* for the petitioners.
*Frank M. Thompson, Jr., Esq.,* for the respondent.

OPINION.

Tyson, *Judge*: The question presented is whether Mary Clare Milner, hereinafter sometimes referred to as the decedent, made a transfer of property in trust on April 13, 1929, of the kind described in section 811 (c) of the Internal Revenue Code.[1]   There is no dispute as to the value of the property to be included in the gross estate in the event of a holding that the transfer is taxable.

The respondent's positions are (1) that the transfer in trust by decedent was made in contemplation of death; or (2) that the transfer was one intended to take effect in possession or enjoyment at or after the decedent's death, because, by paragraph 13 of the trust instrument, authorizing advances out of the corpus for the maintenance, support,

---

SEC. 811. GROSS ESTATE.

The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal  *  *  *.

(c) Transfers in Contemplation of, or Taking Effect at Death.—To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death  *  *  *: except in case of a bona fide sale for an adequate and full consideration in money or money's worth.  *  *  *

and comfort of the grantor-decedent during her lifetime, and because of the provision in paragraph 15 of the trust instrument authorizing payment of funeral expenses and the expenses of the last illness of any direct beneficiary, the trustee was empowered to invade the corpus for the benefit of the grantor. The respondent asserts that the property described in the trust instrument was owned by the decedent in fee when that instrument was executed, and bases both of his above positions on that premise. He states in his argument that "Obviously, under Section 811 (c) of the Internal Revenue Code, there is to be included in the gross estate only the value of the interest in real and other property owned by the decedent at the time of her death. Properly, therefore, our inquiry is first directed to a determination of the question of whether the property which comprised the trust corpus in the trust established by Mary Clare Milner by the instrument of April 13, 1929, * * * was owned by her on that date."

The petitioners contest the positions (1) and (2) taken by the respondent, and also contend that the transfer was made for a consideration in money or money's worth. They also oppose taxation of the transfer under section 811 (c) on the further ground that under the settlement of the will contest the property never passed to decedent, but passed directly by devise or inheritance from the estate of Gustrine Key Milner to the trustees for the beneficiaries named in the trust, and that the decedent, consequently owning only a life estate in the property, was not the grantor of the property within the statute and no part of the property passed at or by reason of her death. They insist that the trust instrument was a mere means used to give effect to the settlement agreement and that whatever the decedent received was received by her coupled with and subject to the trust.

From the foregoing statement of the contentions of the parties, it is apparent that the primary question for decision is whether decedent had any such interest in the property embraced in the trust instrument as passed at the time of and by reason of her death.

Section 811 (c) refers to "any interest" in property "of which the decedent has at any time made a transfer, by trust." The respondent contends that the entire right, title, and interest, in the real estate described in the trust instrument vested in the decedent under the decree of the probate court of April 13, 1929, sustaining the will of December 6, 1927, and admitting it to probate; and that, as the decree was entered upon testimony concerning the competency of the testatrix and the proper execution of the will, it is an adjudication on evidence adduced of the rights of all parties, and as such must be accepted as conclusively establishing the decedent's complete ownership of the property. He cites *Freuler* v. *Helvering*, 291 U. S. 35, and kindred cases. The decree in question refers to the contest of Gustrine Milner Jackson

and her withdrawal of the contest and the consent by her and all other parties to the probate of the will of December 6, 1927. The attorneys who represented the opposing parties appeared as witnesses. They testified that the trust instrument and the agreement restricting sale or partition were intended to give effect to the terms of the compromise agreement and were executed in consideration of the dismissal of the contest, that it was understood by all parties and the court that the contest would be dismissed contemporaneously with the execution and delivery of those instruments and that the will of December 6, 1927, should then be admitted to probate, and that this arrangement was carried out on April 13, 1929. The proceedings in the probate court were, therefore, by consent, and the decree was not a decree entered upon a real controversy regularly submitted for determination. We, therefore, are not required to accept it as a conclusive determination that the decedent owned an undivided one-half interest in fee in the real estate of Gustrine Key Milner, as contended by the respondent. *Francis Doll*, 2 T. C. 276; affd., 149 Fed. (2d) 239; certiorari denied, 326 U. S. 725; *Tatem Wofford*, 5 T. C. 1152.

Upon the facts shown by the record, we think the decided cases require us to hold that the decedent did not become the owner of the property described in the trust instrument of April 13, 1929, as contended by the respondent, but that she acquired only a life estate in that property and, consequently, she did not own any interest therein which passed at or by reason of her death.[2] In the leading case of *Lyeth* v. *Hoey*, 305 U. S. 188, the Government sought to tax as income a distribution to Lyeth under a compromise agreement settling a contest in the state court of the will of his grandmother, who had bequeathed a large residuary estate to an endowment trust. Her heirs, including Lyeth, opposed probate of the will on the grounds of want of testamentary capacity and undue influence, and, after issue had been framed for a jury, a compromise was affected under which the will was probated, but the residuary bequest to the trust was disregarded and, in lieu thereof, the residuary estate was divided between the trust and the contesting heirs. The state court decreed administration of the estate "in accordance with the terms of said will and said agreement of compromise." The United States Supreme Court upheld Lyeth's contention that the distribution received by him was a distribution of property acquired by him as an heir through inheritance within sec-

---

[2] In passing it may be noted that the transfer here under consideration is not affected by the Joint Resolution of March 3, 1931, amending the counterpart of section 811 (c) in the earlier revenue acts so as to include within the gross estate transfers under which the transferor has retained for his life or any period not ending before his death the possession or enjoyment of, or the income from, the property, since it was made prior to the effective date of such amendment. *Hassett* v. *Welch*, 303 U. S. 303; *Hugh M. Beugler Trust*, 2 T. C. 1052; affd., 147 Fed. (2d) 946.

tion 22 (b) (3), Revenue Act of 1932; and it held that the value thereof was exempt from income tax under that statute. The Court said:

There is no question that petitioner obtained that portion, upon the value of which he is sought to be taxed, because of his standing as an heir and of his claim in that capacity. It does not seem to be questioned that if the contest had been fought to a finish and petitioner had succeeded, the property which he would have received would have been exempt under the federal act. Nor is it questioned that if in any appropriate proceeding, instituted by him as heir, he had recovered judgment for a part of the estate, that part would have been acquired by inheritance within the meaning of the act. We think that the distinction sought to be made between acquisition through such a judgment and acquisition by a compromise agreement in lieu of such a judgment is too formal to be sound, as it disregards the substance of the statutory exemption. It does so, because it disregards the heirship which underlay the compromise, the status which commanded that agreement and was recognized by it. While the will was admitted to probate, the decree also required the distribution of the estate in accordance with the compromise and, so far as the latter provided for distribution to the heirs, it overrode the will. So far as the will became effective under the agreement it was because of the heirs' consent and release and in consideration of the distribution they received by reason of their being heirs. * * * The portion of the decedent's property which petitioner obtained under the compromise did not come to him through the testator's will. That portion be obtained because of his heirship and to that extent he took in spite of the will and as in case of intestacy. The fact that petitioner received less than the amount of his claim did not alter its nature or the quality of its recognition through the distribution which he did receive.

The *Lyeth* case differs from the instant case in that the *Lyeth* case involved application of the income tax law and the contestants were heirs of the testator, who would have taken by intestacy if the will had been declared invalid, while here the estate tax law is involved and the contestant did not stand in the relationship of heir, but claimed as a beneficiary under an earlier will. The fact that the *Lyeth* case involved application of the income tax law does not stand in the way of applying it here. The principle of that case has been applied in cases arising under the estate tax law. *Helvering* v. *Safe Deposit & Trust Co.*, 316 U. S. 56; *Sage* v. *Commissioner*, 122 Fed. (2d) 480, affirming 42 B. T. A. 1304; certiorari denied, 314 U. S. 699; *Thompson's Estate* v. *Commissioner*, 123 Fed. (2d) 816; and *Dumont's Estate* v. *Commissioner*, 150 Fed. (2d) 691, reversing 4 T. C. 158. In the *Sage* case the Circuit Court of Appeals said:

It does not seem possible to distinguish the Lyeth case from the present, in principle. But, the petitioner points to the fact that the Lyeth case involved a question of income, and not estate, tax liability. That is hardly more than a difference in words. Certainly, it is not a distinction material to the rationale of the rule involved. In each instance, the word "inheritance" describes, for purposes of tax attachment, a mode of acquisition common to both cases. Petitioner also points out that, in the Lyeth case, the compromise agreement was made a part of the probate proceedings, while here it was not. The answer to that is that the probate proceeding was patently immaterial to the ques-

tion involved. The heir in the Lyeth case did not take under the testator's will * * *. Like the widow here, he took in spite of the will and not because of it. It is equally certain that he did not take under the intestate law. As here, there was no intestacy. Yet, he took by "inheritance". And, what he received he took because of his standing as heir,—"the status which commanded that [compromise] agreement and was recognized by it".

Nor is the *Lyeth* case inapplicable by reason of the fact that the contestant of the will in the present case was not an heir of the testatrix. The contestant, Gustrine Milner Jackson, was a beneficiary of the trust provided for in the earlier will of Gustrine Key Milner, and the rule of the *Lyeth* case applies where the will contestant has no standing as an heir, but has a standing as a beneficiary under a prior will. *Dumont's Estate, supra* (an estate tax case) ; *Charlotte Keller*, 41 B. T. A. 478 (an income tax case).

As in the *Lyeth, Sage, Dumont,* and *Keller* cases, so here the contestant, Gustrine Milner Jackson, and her sister, Mary Clare Milner Morse, had a claim to a portion of the estate of Gustrine Key Milner had the contest of the second will been successful. They received that portion through the compromise settlement because of their standing as legatees and devisees under a prior will, as was true in the *Dumont* and *Keller* cases. Under the settlement, their mother, the decedent herein, acquired nothing more than the right to the net income from an undivided one-half interest in the real estate during her life, or, in other words, a mere life estate, and the remainder after such life estate was acquired by Gustrine Milner Jackson and Mary Clare Milner Morse and their lineal descendants. If, as the foregoing cases hold, the latter two acquired such remainder interest from the estate of Gustrine Key Milner, we see no reason for holding that, within the meaning of section 811 (c), such remainder interest constituted "any interest" in property of the decedent, Mary Clare Milner, or any interest in property with respect to which she did or could make a transfer of the kind described in section 811 (c), *supra*. We think that the reasoning of the *Lyeth* and other cases referred to above is applicable here, and, upon the authority of those cases, we hold that the value of the property described in the trust instrument of April 13, 1929, is not includible in the gross estate of the decedent.

In view of our conclusion that the decedent did not make a transfer of any interest in property within the meaning of section 811 (c), it is unnecessary to consider the contentions of the respondent that the purported transfer of April 13, 1929, was made by the decedent in contemplation of death, or that it constituted a transfer to take effect in possession or enjoyment at or after her death.

Reviewed by the Court.

*Decision will be entered under Rule 50*

LEECH, *J.*, dissents.