618

LEACH et al. v. LEACH et al.

No. 11880.

Court of Civil Appeals of Texas. Galveston.

Jan. 29, 1948.

Rehearing Denied Feb. 26, 1948.

Albert R. Young, of Houston, for appellants.

Sewall Myer and Frank Campbell Fourmy, both of Houston, for appellees.

CODY, Justice.

This was a suit for the partition of certain real estate in the City of Houston, and also for an accounting against an independent executor, and for the division of personal property, and to contest the claim which was being asserted by such independent executor against the estate he was administering. Since the case was tried to a jury, and at the conclusion of all the evidence the court directed a verdict against the plaintiffs, we can simplify the presentation of the facts for the purposes of this appeal by stating the version of the facts most favorable to plaintiffs' case. We will also omit stating so much of the pleadings of the parties as are not material on this appeal.

The version of the facts most favorable to plaintiffs' position is this: That the plaintiffs, being two in number, and the defendants being three in number, are the surviving children of D. W. Leach, Sr., and his wife, Mrs. M. E. Leach. That said parents of the parties acquired the real estate in question during their marriage, and the same belonged to their community estate. That the father died intestate in 1912, and no administration was had on his estate, and he left as his surviving heirs the plaintiffs and defendants. That the plaintiffs and defendants, as the heirs of their father, were the owners each of an undivided one-fifth of an undivided half in said real estate, and a tenant in common with their mother, who owned the other undivided half thereof.

That the mother of the parties died testate in June, 1935, and in her will named her son, defendant C. L. Leach, her independent executor without bond. That her will was promptly probated by the County Court of Harris County, in Probate Cause No. 22,483. That defendant C. L. Leach duly qualified as such independent executor, returned the inventory, appraisement and list of claims, and did not list any claim of indebtedness to himself against his mother's estate. That plaintiffs did not know he was asserting any such claim until about the time this suit was filed. That defendant C. L. Leach is claiming $2,600, as for money advanced by him to his mother for the preservation of the estate. That said sum, together with the special bequests and the commissions claimed by defendant C. L. Leach, and the costs of administration claimed by him, amount to about $3,400. That the value of the estate is claimed by said defendant to be about $4,000. That no distributions have been made of the bequests under the will, though one in the sum of $100 has been tendered to one of the plaintiffs.

On the question of whether it was the purpose of the mother to dispose of the entire interest in the lots, inclusive of that of the parties to this suit, as well as that of the testatrix, so as to require the devisees to elect whether they would take under the will, the evidence on whether plaintiffs did elect to take under the will, stated most strongly in favor of plaintiffs, is as follows:

The devisees under the will, as late as June, 1942, treated the real estate as being inherited partly from their father, and partly as being devised to them, that is, an interest therein, to them by their mother. The plaintiffs have claimed the bequests under the will of their mother, and are claiming them in this proceeding. The mother's will, so far as material, is as follows: After the formal statement that she was desirous of disposing of her worldly affairs, testatrix directed her debts paid promptly, she appointed defendant C. L. Leach as executor without bond, she devised her son, plaintiff M. B. Leach, $100 and directed her executor to pay same as soon as possible after her death. She then bequeathed $800 to defendant C. L. Leach, with like directions. We give the substance or quote directly from the following numbered paragraphs of the will:

5. A special bequest to defendant, J. F. Leach, for the term of his natural life of Lot 3, Block 2, Settegast Addition. Her executor was directed to sell said lot after J. F. Leach's death, and distribute the proceeds of the sale among the other children of testatrix, share and share alike.

6. A direction to her executor as soon as possible to dispose of Lot 5, and the adjoining half of Lot 4, Block 4, Lockhart Addition and to pay over the proceeds to

all five of her children, share and share alike.

10. "It is my desire and I hereby request that my beloved son Chas. L. Leach, look after and take care of, as far as he deems possible, my beloved son, J. F. Leach."

11. The provision for the executor to be independent.

12. A direction to the executor to dispose of all of the personal property, except that which was specifically disposed of, and distribute the proceeds, share and share alike, among her five children. There was no residuary bequest.

The court rendered judgment upon the directed verdict that plaintiffs take nothing. The plaintiffs predicate their appeal upon 19 formal points, which they present in three groups. In substance these groups present: (1) That plaintiffs' evidence was sufficient under the issues made by the pleadings to carry the case to the jury. (2) That under the evidence the will did not make such disposition of the property as to put plaintiffs to the election of whether they would take under the will; and in any case, under the evidence, that it was a jury question of whether the plaintiffs had such knowledge of their rights, and of the condition and extent of the estate of their mother to put them to an election. (3) That the District Court had jurisdiction in this case as against the defendant independent executor.

## Opinion.

█ It is so well settled that verdict should not be directed for a defendant "if, discarding all adverse evidence, and giving credit to all evidence favorable to the plaintiff, and indulging every legitimate conclusion favorable to the plaintiff, that might be drawn from the facts proved, a jury might have found for the plaintiff," that citation of authority need no longer be cited in support of such rule. It was in obedience to such rule that we made the statement of facts above. It will of course not be implied that the facts would be so found by a jury, but for the purpose of this appeal in testing whether the court erred in directing a verdict they must so be taken. Hence for the purpose of this appeal it must be taken

that the children of the testatrix each owned an interest in the real estate here in issue.

█ The following rule has been uniformly followed by the courts of this state: "The principle of election is, that he who accepts a benefit under a will, must adopt the whole contents of the instrument, so far as it concerns him; conforming to its provisions, and renouncing every right inconsistent with it; as where the wife claims something under the will which will disappoint the will." Dakan v. Dakan, 125 Tex. 305, 83 S.W.2d 620, 624, and authorities there cited. However, "Where a testator owns a partial interest in land and the disposal of the land is the subject of his will, it is only where the intention to treat and devise the entire land as his own is revealed by clear and unequivocal language that the will is to be construed as the disposition of more than his own interest, putting the co-owner of the land to his election whether he will take under it because of its conferring upon him, by other provisions, some benefit from the testator's estate which, but for the will, he would not receive." Id., quoted with approval from Avery v. Johnson, 108 Tex. 294, 192 S.W. 542, 544.

The fifth paragraph of the will clearly devises to J. F. Leach for the period of his natural life Lot 3, Block 2 of Settegast Addition, as an entirety, and directs her executor to dispose of the remainder after such life estate terminates, and divide the proceeds thereof share and share alike among the four other children of testatrix. The sixth paragraph of the will clearly directs the testator to dispose of the property situated in Lockhart Addition, as an entirety, and to divide the proceeds among all of her children, share and share alike. Under the facts of this case, as they must be taken to be for the purposes of this appeal, she had no authority to devise more than an undivided half interest therein. The question here is whether the plaintiffs have accepted benefits under the will, as devisees, or rights they were not otherwise entitled to, so as to be estopped from questioning the disposition of their property upon the doctrine of election. See the Dakan case, supra; Smith v. Butler, 85 Tex. 126, 19 S.W. 1083; Gilroy v. Richards, 26 Tex.Civ.App. 355, 63

S.W. 664; Rogers v. Trevathan, 67 Tex. 406, 3 S.W. 569.

■ Generally speaking two things are necessary in order that acts relied on will amount to an election: "First, the party must have had knowledge of his rights; that is, he must have had knowledge of the condition and extent of the estate, and of his duty to choose between the inconsistent rights; second, that he intended to elect, as shown by his words and acts, viewed in the light of all the circumstances." Dunn v. Vinyard Tex.Com.App., 251 S.W. 1043, 1046. Such holding was quoted with approval by the Supreme Court in the Dakan case, supra.

■ Ordinarily, it is a question of fact whether a devisee elects to surrender an interest he owns in land in order to accept the devise under the will. Mayo v. Tudor's Heirs, 74 Tex. 471, 474, 12 S.W. 117. There was evidence here from which the jury could have found that plaintiffs did not know their rights in the land. To be sure plaintiffs assert that all of the parties were agreed until about the time of this suit that they inherited half of the real estate from their mother. But at the trial the defendants gave evidence from which it could have been adjudged that the real estate belonged exclusively to their mother. There was also evidence offered by defendants that their mother's estate was, value considered, deeply indebted, to that its net value was problematical. There was evidence from which it could have been found that plaintiffs did not know the extent and value of their mother's estate, and could not know such value until the validity of the claims urged by defendant C. L. Leach there against was determined, and one of the objects of this suit was for such determination.

It is true that plaintiffs were in this very action seeking the benefits of the bequests to them in their mother's will. But they were also seeking to have partitioned to them their interests as heirs of their father. They were not bound to elect until the court had determined such interests, after a submission of proper issues. While the pleadings do not urge plaintiffs' rights as heirs, if same be found to exist, in the alternative, there were no exceptions urged against their pleadings in this respect. And if their pleadings showed they were claiming as devisees, they also showed they were claiming as heirs of their father. So their pleadings failed to show an election, for they were claiming both ways. To be sure their pleadings might have been framed for alternative elections depending on how the jury determined their rights as heirs of their father. In other words, plaintiffs were not bound to elect to take as heirs of their father before they had a finding on whether he owned half of the realty. They were not bound to relinquish any rights as devisees until they could have it judicially determined whether their mother's estate was free of indebtedness as they contended, or was heavily indebted as defendants contended. It was error on the part of the court to hold as a matter of law, as we take it that he did, that plaintiffs had elected to take only as devisees, when they were also seeking to take as heirs of their father, and were without knowledge of whether such claim of interest inherited from their father would be sustained, and could not know whether the claim of the indebtedness of the estate of their mother would be sustained.

■■ The court below did not question that he had jurisdiction of this suit. He exercised it. Judgment was not rendered dismissing the case, but upon the merits a take-nothing judgment was rendered. It is settled that in a proper case the district court can require an independent executor to account. Jerrard v. McKenzie, 61 Tex. 40. This was a suit for partition, as well as for accounting. But defendants make no contention that the court was without jurisdiction, they are standing here on a take-nothing judgment, not on a judgment of dismissal. And of course they make no contention that the court was without jurisdiction to render such take-nothing judgment.

For the reasons stated, we must hold that it was error for the court to have directed a verdict. The judgment is reversed and the cause remanded for a new trial.

Reversed and remanded.