## STEWART v. COMMISSIONER OF INTERNAL REVENUE.

### No. 13785.

United States Court of Appeals
Fifth Circuit.

May 10, 1952.

Rehearing Denied June 17, 1952.

Whitfield H. Marshall, Houston, Texas, for petitioner.

Howard P. Locke, Ellis N. Slack, A. F. Prescott, Sp. Assts. to Atty. Gen., Theron Lamar Caudle, Asst. Atty. Gen., Charles Oliphant, Gen. Counsel, and John M. Morawski, Sp. Atty., Bureau of Int. Rev., Washington, D. C., for respondent.

Before HOLMES, STRUM, and RIVES, Circuit Judges.

HOLMES, Circuit Judge.

This is a petition to review a decision of the Tax Court, reported in 16 T.C. 1, sustaining the determination of respondent that all of the income from the estate of petitioner's husband, for the years 1942 through 1945, was taxable to her individually, and not partly to her and partly to her husband's estate, she being the independent executrix and sole beneficiary of said estate. See Art. 3436, Vernon's Ann. Texas Civil Statutes. Respondent determined that the administration of the estate was concluded prior to the taxable year 1942; therefore, the question before the Tax Court was whether the decedent's estate was in the process of administration, within the meaning of Section 161(a) (c) of the Internal Revenue Code, 26 U.S.C.A. § 161(a) (c), and the regulations promulgated thereunder, during the years 1942 through 1945.

At the time of his death in 1938, the decedent was a member of a partnership, which was engaged in the general automotive business, operating under a partnership agreement dated January 2, 1935. Said agreement provided that the partnership

should continue for five years after the death of the member dying first; that the personal representative of the deceased partner should succeed to his interest in the partnership, and should stand in his place, except as to controlling the partnership business and managing its affairs, during the remainder of the term of said partnership. The agreement further provided that, in the event of the death of any partner, the law in relation to the surviving partners was waived, so that the business should be continued, the same as if death had not occurred, until the expiration of the term of the partnership; that no part of the capital would be withdrawn by any administrator, executor, heir, legatee, or other personal representative; and that, while the affairs of the partnership were being so conducted, the then surviving partners should have full right, control, and management of the partnership affairs, the surviving heirs of the deceased partner to have no voice in determining the policies or affairs of the partnership. This agreement was, in effect, incorporated in decedent's will.

The petitioner filed decedent's will, and duly qualified as independent executrix, shortly after decedent's death on May 22, 1938. The Tax Court found that petitioner had completed all of her administrative duties, as executrix, prior to December 31, 1941. Petitioner contends that, due to the partnership agreement and the provisions of decedent's will, she had no choice but to continue the administration to May 22, 1943, five years after decedent's death, and that the continuation of the administration after 1943, until 1947, was necessitated by the nature of the partnership business, due to its wartime contracts and contingent liabilities.

We think, in this case, that the question of when the administration of decedent's estate terminated is a factual one, and that the issue before us is whether the decision of the Tax Court is supported by substantial evidence. That question must be answered in the affirmative. In Chick v. Commissioner, 1 Cir., 166 F.2d 337, certiorari denied 334 U.S. 845, 68 S.Ct. 1514, 92 L.Ed. 1769 the court held that the Congress could, and in the interest of a uni-

form system of federal taxation did, clothe the Commissioner and the Tax Court with the power to determine (in the absence of conflicting valid affirmative action by the state court having jurisdiction in the premises) that an estate has ceased to be in the process of administration or settlement, and has ceased to exist for income tax purposes, when the administrator or executor has performed all the ordinary duties incumbent upon him in his fiduciary capacity. The facts of the instant case come within the principle announced in that decision. See also Farrier's Estate v. Commissioner, 15 T.C. 277. We agree with the Tax Court that the partnership agreement and provisions of decedent's will did not require the administration to be continued beyond the time reasonably required for the executrix to perform all the ordinary duties of her office.

The judgment appealed from is affirmed.

Affirmed.