Fannie KOFFMAN, Plaintiff-Appellant,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 14587.

United States Court of Appeals
Sixth Circuit.

· March 15, 1962.

Albert C. Hicks, Bay City, Mich., Carl H. Smith, Sr., Bay City, Mich., on the brief; Smith, Brooker & Harvey, Bay City, Mich., of counsel, for appellant.

Donald P. Horwitz, Washington, D. C., Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Robert N. Anderson, Earl J. Silbert, Attys., Dept. of Justice, Washington, D. C., Lawrence Gubow, U. S. Atty., Detroit, Mich., and Arthur T. Lippert, Jr., Asst. U. S. Atty., Bay City, Mich., on the brief, for appellee.

Before SIMONS, CECIL and WEICK, Circuit Judges.

PER CURIAM.

Taxpayer was the widow of Elmer Koffman, deceased, late of Bay City, Michigan, who left a last will and testament providing for her as follows:

"SECOND. To my beloved wife, Fannie Koffman, I give, devise and bequeath a life estate in and to all of the rest, residue and remainder of my property, real, personal or mixed and wherever situated together with the right to use so much thereof, either of the corpus or the income or both, as may be required by her for her personal support and maintenance, the reasonableness thereof to be determined by her. The remainder of said estate at her death and accumulations thereto made during her lifetime, if any there be, I give, devise and bequeath to my son, Herman Koffman and my daughter, Mary Koffman Adelmann, share and share alike."

Taxpayer received the following distributions of income from the executor of her husband's estate, during the tax years in question, which were earned by decedent's business:

| | |
|---|---|
| 1955 | $18,964.34 |
| 1956 | 18,187.30 |

The decedent's business, however, earned more income during those years than had been distributed to her which totalled:

| | |
|---|---|
| 1955 | $35,582.04 |
| 1956 | 38,793.05 |

She reported the income received by her from the executor on her income tax returns and paid the tax thereon. The Commissioner of Internal Revenue as-

sessed deficiencies against her claiming that as life tenant all of the distributable net income was taxable to her irrespective of whether she actually received it.

She paid the deficiencies and made claim for refund which was rejected and then brought suit in the District Court for the refund. The District Court sustained the Commissioner and dismissed the complaint.

Taxpayer contends here that she did not get an unlimited life estate in the remainder of her husband's estate, but that there was a qualification in his will on her right to use the income, namely, in the amount which was required for her support, the reasonableness thereof to be determined by her.

While even under this contention she still had the unfettered right to determine the reasonableness of her withdrawals of income and principal for her support, we do not regard the later language in the will as a limitation on the life estate which she was granted. The will contained technical language of the type used by lawyers. The words "life estate" have a well defined clear meaning in the law. The later language giving her the right also to use the principal as well as the income for her support did not, in our judgment, qualify the life estate which she had already received, but granted her the additional right to use principal as well as income.

In our opinion, the language of the will did not express a clear intent on the part of the testator to qualify the life estate theretofore granted and in the absence of such intent the Court ought not to imply it.

This was the conclusion reached by the District Judge, who was familiar with Michigan law, and we believe he was correct.

We agree with the District Judge that the will did not constitute the widow as a trustee with respect to the income which was distributed to her. But even if it did, she was the owner of the distributable income and could demand it and do with it as she pleased. It was,

therefore, taxable to her. 26 U.S.C. § 678 (1958 ed.)

Nor do we think that the executor and not the widow should have reported the income for taxation. The decedent died in 1946. Under an agreement which the decedent had with his partner, the survivor was to operate the business with the executor for five years. Nine years had elapsed since the death of the decedent which was more than ample time to perform the ordinary duties of administration. See: Stewart v. Commissioner, 196 F.2d 397 (CA 5).

The judgment of the District Court is affirmed.